HENRY L. SAYLES v. WILLIAM NEWTON, CIRCUIT
JUDGE OF GENESEE COUNTY.

*Prosecuting attorney—Appointment by court—Jurisdiction.*

1. A circuit judge has no power to appoint a special prosecuting attorney to investigate a charge of crime, or to conduct an examination before a justice of the peace.

   So *held*, where owing to the disqualification of the prosecuting attorney, and at his request, the circuit judge appointed a special prosecuting attorney to conduct a criminal examination, and after the discharge of the respondent upon such examination, and on the petition of the complaining witness, the judge appointed another attorney as special prosecutor to investigate the case, and prosecute the complaint if, in his judgment, it was well founded.

2. The following general propositions are summarized from the opinion of Mr. Justice MORSE:

   *a*—It was held in *Beecher v. Anderson*, 45 Mich. 548, that the prosecuting attorney was required to appear and prosecute complaints before a magistrate only when requested by the magistrate; and it was intimated that, while it would be best for the magistrate to govern his action by the advice of the prosecuting attorney when he did appear, he was not bound always to do so.[1]

   *b*—There is no law preventing any party from taking part in behalf of the people in a criminal examination before a magistrate, if such magistrate and the prosecuting attorney do not object, and there is no good reason forbidding it. Such examination is an investigation, and no harm can be done the accused or the people by the fullest inquiry.

   ---
   [1] See *People v. Etter*, 72 Mich. 175; *Jaminet v. Supervisors*, 77 Id. 245.

*Mandamus.* Submitted June 24, 1890. Granted July 2, 1890.

Relator applied for *mandamus* to vacate an order made by respondent appointing a special prosecuting attorney to examine into a criminal complaint, and determine whether it ought to be prosecuted by an examination before a justice. The facts are stated in the opinion.

*Howard & Gold,* for relator.

MORSE, J. The respondent, as circuit judge of the seventh judicial circuit, and sitting in the county of Genesee, made an order as follows:

"In the matter of the petition of James G. Mallery for the appointment of a special prosecuting attorney by the circuit court.

"In this matter, after hearing read the petition of James G. Mallery, duly verified, and after hearing Howard & Gold in opposition thereto, it is ordered by the court now here that the prayer of the said petitioner be, and the same is hereby, granted.

"It is also ordered that the Honorable George H. Durand be, and he is hereby, appointed special prosecuting attorney to examine into the suit in controversy, in the complaint of *James G. Mallery v. Henry L. Sayles,* and, if in his opinion the complaint is well founded, to prosecute, as prosecuting attorney, an examination of the matter before some justice of the peace as fully as the prosecuting attorney may have done if he were able to act in the premises, and, if sent to the circuit court, to prosecute the same to verdict and judgment, and to possess all the powers and perform all the duties herein of special prosecuting attorney, as fully as the prosecuting attorney may have done if he were not disqualified, and unable to act, by reason of his being disqualified and unable to do so, being a law partner of Howard & Gold, and who are the attorneys for Henry L. Sayles.

"WILLIAM NEWTON,
"Circuit Judge.

"June 2, A. D. 1890."

It will be noticed that the order is not made as being entered in any suit pending in the circuit court, and its contents show that the purpose of it is to appoint a person as prosecuting attorney to examine a criminal complaint, and determine whether it ought to be prosecuted to examination before a justice. The circuit judge returns, among other things, that he entered this order upon the petition of James G. Mallery, after hearing Messrs. Howard & Gold in opposition to the petition; that the only paper filed in opposition to said petition was a printed slip cut from a Flint paper, stating that Justice of the Peace Stevenson had discharged Henry L. Sayles, upon examination, upon the charge of forgery of a note of $250 on James Mallery, and giving the reasons of the said justice for discharging him.

The petition of Mallery, presented to the circuit judge, and upon which the order was made, sets forth substantially that since October 3, 1888, he has been in the habit of collecting monthly of the relator, Sayles, $25 rent for the use of a store-building belonging to his father, H. N. Mallery; that, when he went to receive such rent, Sayles would have a receipt for the same written out for him to sign, which he would sign, "H. N. MALLERY, Per J. G. MALLERY;" that he never affixed such signature knowingly to any other paper than such receipts; that on March 8, 1890, he went to the business place of said Sayles for the purpose of collecting the rent of said store-building. When he asked for the rent, Sayles handed him a receipt purporting to be an acknowledgment of the receipt of $17.50 for one year's interest upon a note. Mallery asked what it meant. Sayles replied: "It is the interest on a note I hold against you." Mallery said he would like to see the note, whereupon Sayles produced what purported to be a promissory note, and reading as follows:

"FLINT, MICH., Jan. 3, '89.
"Three years after date, for value received, we promise to pay H. L. Sayles or bearer two hundred and fifty dollars, at seven per cent. annual.

"H. N. MALLERY.
"Per J. G. Mallery."

That this note was written on the same kind of paper as all the receipts for rent which had been drawn and presented by Sayles to Mallery, and signed by him, at the different times when rent was collected; that, while the signature upon the note was written by him (Mallery), he swears positively that he never placed said signature upon said paper knowing that it was a note, or that it contained any promise to pay money; that, if it is his signature, he must have affixed it supposing he was signing a receipt for rent. Mallery asked Sayles: "Did we ever get $250 of you?" Sayles replied: "You ought to know. There is the note." Mallery then said: "Did you ever loan us $250?" Sayles replied: "You ought to know. That is your signature, isn't it?" Mallery denied ever signing the note, knowing what it was, or ever borrowing the money, and refused to sign the $17.50 receipt for interest, and apply it on the rent.

Mallery took legal advice, and then called upon Mr. Wisner, the law partner of the prosecuting attorney, and stated the facts to him. Upon his advice, Mallery called again upon Sayles, and procured peaceable possession of the note, and delivered the same immediately thereafter to Charles H. Johnson, prosecuting attorney of Genesee county. Mallery wanted, after stating said facts to said Johnson, at once to institute criminal proceedings against Sayles, but was not permitted to do so until the latter part of March. A warrant was finally issued by Justice Stevenson, and Sayles was arrested, but Mallery says that the examination was not properly conducted before said

Stevenson; that before the same was concluded the prosecuting attorney entered into copartnership with Howard & Gold, who were the attorneys of said Sayles in said criminal prosecution; that, on the next adjourned day after the formation of such copartnership, Henry R. Lovell appeared before the justice, and there stated that he did not take an enthusiastic interest in the prosecution of the case, saying, in effect, that the note was obtained from Sayles in such an unlawful way that the person who did it ought to be made an example of; that the case was adjourned after such facts as said Lovell had seen fit to put in the case had been submitted to said justice. On the adjourned day, Sayles was discharged.

Mallery further states in his petition that the discharge of said Sayles upon an insufficient hearing and examination, if the same is permitted to rest, will cast a stain upon his (Mallery's) good name, and prays that, in view of all the facts, the circuit judge may appoint some just and impartial attorney with authority to investigate the facts, and act as special prosecuting attorney in the matter, and institute such criminal proceedings as he may deem just, and for the best interest of the people of the State of Michigan, and that he believes the Honorable George H. Durand to be such person, and that said Durand has no interest in the case in any way.

The circuit judge further returns that, in the first place, he was requested by Mr. Johnson, who admitted his disqualification to conduct the prosecution of the case, to appoint Mark W. Stevens or George H. Durand special prosecuting attorney in the matter, but that he appointed Henry R. Lovell, because of the latter's greater experience as a criminal prosecutor. The judge further returns that he does not think the justice acted properly under the law in discharging said Sayles, but that he should have been held to trial.

In the petition of the relator for a writ of *mandamus* to compel the circuit judge to set aside and vacate his order appointing said George H. Durand, various matters are set up; and attached to such petition are various affidavits, and also a copy of all the testimony taken upon the examination of said Sayles, upon which the justice acted. We think, however, that this is a question of the *power* of the circuit judge to make this appointment, and we are not disposed to inquire into his discretion at this stage of the proceedings, if he has the authority to make such appointment.

The Constitution (section 10, Art. 6) authorizes the circuit judge, within his jurisdiction, to fill a vacancy in the office of prosecuting attorney. How. Stat. §§ 663, 664, also confer this power authorized by the Constitution; but the provisions of the Constitution and the statute evidently refer to vacancies, and to no other cases or conditions.

How. Stat. § 559, provides that—

"The Supreme Court, and each of the circuit courts, may, whenever there shall be no prosecuting attorney for the county, or when the prosecuting attorney shall be absent from the court, or unable to attend to his duties, if either of said courts shall deem it necessary, by an order to be entered in the minutes of such court, appoint some other attorney at law to perform, for the time being, the duties required by law to be performed in either of said courts by the prosecuting attorney, who shall thereupon be vested with all the powers of such prosecuting attorney for that purpose."

This section plainly refers to cases arising in or pending in those courts, and not to cases out of such courts.

Section 560 provides that the prosecuting attorney may, under the direction of the court, procure assistance in the trial of any person charged with the crime of felony; but this does not cover the case of the appointment of Mr. Durand, as the prosecuting attorney is not asking

his appointment. One attorney has been appointed by the circuit judge on the application of the prosecuting attorney, and upon his conduct of the case Sayles has been discharged. We are not prepared to say that even Mr. Lovell's appointment was valid under the ruling of this Court in *Beecher v. Anderson*, 45 Mich. 547, 548. It was held in that case that the prosecuting attorney was required to appear and prosecute complaints before a magistrate only when the magistrate requested it; and it was intimated that, while it would be best for the magistrate to govern his action by the advice of the prosecuting attorney when he did appear, the justice was not bound always to follow it. And there is no law preventing any party from taking part in behalf of the people in the examination of the accused before a magistrate, if such magistrate and the prosecuting attorney do not object, and there is no good reason forbidding it. Such examination is an investigation, and no harm can be done the accused or the people by the fullest inquiry.

But the circuit judge cannot appoint a special prosecuting attorney to investigate a charge of crime, or to conduct an examination before a justice of the peace. The circuit judge is a conservator of the peace, but that does not authorize him to appoint any one to act as a public prosecutor, except in his own court, in cases over which he has jurisdiction. Even then his power is statutory. Nor would it be for the public interest to permit a complaining witness, or other person interested in a criminal prosecution, before the case reaches the circuit court, to petition the circuit judge to depose the prosecuting attorney, even if such attorney is confessedly disqualified from acting as prosecutor. If this were allowed, the circuit courts would be applied to, in almost every criminal inquiry or prosecution, to set aside the prosecuting attorney because of his inaction or bias, and to appoint some

attorney in his stead; because, if the prosecuting attorney performs his duty in such cases, as he should, in the interest of the whole people, the complaining witness is seldom satisfied.

The writ of *mandamus* will issue as prayed.

The other Justices concurred.