PEOPLE v DOMIN

OPINION OF THE COURT

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—HEARSAY EVIDENCE—
   INADMISSIBLE EVIDENCE—OBJECTIONS.

   A defendant's conviction for possession or delivery of LSD should
   be reversed where (1) the only evidence presented at the
   preliminary examination to show that the substance in defend-
   ant's possession was LSD was hearsay and not admissible and
   (2) the defendant objected to the evidence on that basis.

DISSENT BY V. J. BRENNAN, J.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—RULES OF EVIDENCE
   —STRICT APPLICATION.

   *Strict application of the rules of evidence at a preliminary
   examination would defeat the purpose of the proceeding, which
   represents an investigation requiring the fullest possible in-
   quiry.*

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—INCOMPETENT EVI-
   DENCE—INDICTMENT AND INFORMATION.

   *The commission of a crime should not be established at a prelimi-
   nary examination by incompetent evidence alone; however, an
   information will not be quashed due to the admission of incom-
   petent evidence at a preliminary examination where sufficient
   competent evidence exists to establish the commission of the
   offense by the defendant.*

Appeal from Gogebic, Donald L. Munro, J. Sub-
mitted May 10, 1976, at Marquette. (Docket No.
24261.) Decided September 27, 1976.

Bartley Domin was convicted of delivery, or

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 440–451.

possession with intent to deliver, of LSD. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Anders B. Tingstad,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Keith D. Roberts,* Assistant Attorney General, of counsel) for the people.

*Wisti & Jaaskelainen* (by *Phillip L. Kukkonen),* for defendant.

Before: T. M. Burns, P. J., and R. B. Burns and V. J. Brennan, JJ.

R. B. Burns, J. Defendant was convicted of delivery, or possession with intent to deliver, of LSD in violation of MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). He appeals and we reverse.

The only evidence, at the preliminary exam, which tended to prove that the pills in the possession of the defendant were LSD was a laboratory analysis by the State Police. The person who prepared the report was not present and the report was submitted by the sheriff.

The defendant objected on the basis that the report was hearsay and not admissible. We agree. The report was hearsay and not admissible.

In *People v Asta,* 337 Mich 590, 612; 60 NW2d 472, 483 (1953), the Supreme Court said:

"On the preliminary examination, however, the defendants were, under the statute, entitled to have the witnesses examined in their presence. CL 1948, § 766.4 (Stat Ann § 28.922). In view of the nature and purpose of the proceeding, the fact that the crime charged had been committed could not be established by hearsay testimony."

Reversed and remanded.

T. M. Burns, P. J., concurred.

V. J. Brennan, J. *(dissenting).* I am forced to disagree with my brother R. B. Burns on this matter.

At a preliminary examination, strict application of the rules of evidence would defeat the purpose of the proceeding[1], which essentially represents an investigation requiring the fullest possible inquiry.[2] However, I do agree with the majority that the commission of a crime should not be established by incompetent evidence alone, such as hearsay.

Nonetheless, Michigan decisions recognize that an information will not be quashed due to the admission of incompetent evidence where sufficient competent evidence exists to establish the commission of the offense by the defendant.[3] *People v Herrera,* 12 Mich App 67, 73; 162 NW2d 330 (1968), *People v Rice,* 206 Mich 644, 648–649; 173 NW 495 (1919), *People v Lauder,* 82 Mich 109, 115–118; 46 NW 956 (1890).

In this case, the magistrate based his decision to bind over defendant on the following evidence:

---

[1] "All facts and incidents which plainly relate to the offense are admissible. In many cases the application of strict rules of evidence would go far to defeat the object of the inquiry. The examining magistrate must be allowed a large discretion as to the extent and range of the inquiry. The magistrate does not act judicially in the technical sense, and the proceeding is one which, at common law, was conducted very much at the discretion of the magistrate." (Citations omitted.) 1 Gillespie, Michigan Criminal Law and Procedure (2d Ed), § 303, p 361.

[2] *Sayles v Circuit Judge of Genesee County,* 82 Mich 84, 90; 46 NW 29 (1890).

[3] I note the fact that this line of decisions involved the particular situation of testimony of state's witnesses admitted by the magistrate in cases where they were legally incompetent to testify. However, I believe the principle discussed there is equally applicable here.

"However, the charge before us is that the defendant, some time in the month of October did deliver or possess with intent to deliver, a controlled substance and, *via the testimony of Sandra Lanala, Sheryl Lanala, and Cindy Ashlin,* I believe that there is sufficient before this Court to bind the defendant over on said charge, especially when the same is connected through Exhibits 2 and 3, from the state crime lab." (Emphasis added.)

Clearly, the evidence upon which the magistrate primarily grounded his decision was the testimony of witnesses Sandra Lanala, Sheryl Lanala and Cindy Ashlin. Their testimony was competent evidence. In particular, witness Ashlin testified that a) she had ingested the small pills in defendant's possession for a period of months, b) the effects which occurred were totally consistent with and vividly described as those produced by LSD, c) she remembered taking the pills from where defendant had kept them locked with defendant's own key, and d) she remembered selling the pills to Sandra Lanala.

On the basis of this testimony, I believe probable cause as to the elements of possession and intent to deliver LSD were established, even were the report to be considered incompetent hearsay evidence. I feel the magistrate did not err in finding probable cause on the strength of this testimony.

During the crucial point of the guilt-finding process, namely the jury trial, the expert chemist testified on direct and cross-examination that he himself tested and found the pills to contain LSD.

I have examined the remaining assignments of error defendant brings, and find no basis for reversal there. I would affirm.