PEOPLE v DAVIS

Docket No. 77-3286. Submitted March 7, 1978, at Grand Rapids.—
Decided October 17, 1978. Leave to appeal applied for.

The Isabella County Prosecuting Attorney petitioned the Isabella
Circuit Court for the appointment of a special prosecutor to
conduct an investigation into possible criminal activity in the
Isabella County Sheriff's Department. The court, Paul F. O'Con-
nell, granted the prosecutor's petition. The special prosecutor
conducted an investigation and thereafter authorized the issu-
ance of warrants charging defendant, Lee H. Davis, with cer-
tain criminal activities, both felonies and misdemeanors. A
preliminary examination was held on the felony charges and
they were dismissed on the grounds of insufficient evidence.
The misdemeanor charges were not tried at the time. The
defendant then filed a motion in circuit court to set aside the
appointment of the special prosecutor. The Isabella Circuit
Court, David E. Burrows, J., entered an order setting aside the
appointment of the special prosecutor and dismissing the war-
rants authorized by him. The people appeal. *Held:*

The trial court properly ruled that a circuit court judge does
not have statutory authority to appoint a special prosecutor to
investigate possible criminal activity, issue warrants and initi-
ate prosecution in district court. The judge erred in dismissing
the warrants issued by the special prosecutor since the prosecu-
tor had a fair color of title to the office and was, therefore, a *de
facto* officer whose authority could not be attacked collaterally,
but required a proceeding initiated directly for that purpose.
The circuit court action to set aside the appointment of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges § 27.

[2, 3] 63 Am Jur 2d, Public Officers and Employees §§ 516-519.

[4] 63 Am Jur 2d, Prosecuting Attorneys §§ 24, 29.
Disqualification of prosecuting attorney on account of relationship
with accused. 31 ALR3d 953.

[5] 63 Am Jur 2d, Public Officers and Employees § 494.

[6] 63 Am Jur 2d, Prosecuting Attorneys §§ 6-13.

[7] 63 Am Jur 2d, Public Officers and Employees § 493.

special prosecutor satisfied this requirement. The appointment of the special prosecutor was properly set aside. Effective with the trial court's ruling the *de facto* status of the special prosecuting attorney ended.

Affirmed in part, reversed in part.

M. F. CAVANAGH, P.J., dissented and would hold that the prosecutor's close relationship with the sheriff's department, in which defendant was a deputy, or the prosecutor's role as defense counsel in a suit against the sheriff's department, in which suit defendant was a witness for the plaintiff, did not constitute a disability within the meaning of the statute regarding the right to procure an assistant prosecuting attorney. The prosecutor should not be allowed to abdicate his duties merely because the defendant is a member of a law enforcement agency with which the prosecutor frequently works. The suspect's identity as a police officer does not present, by itself, a sufficient conflict of interest to constitute a disability to prosecute. Therefore, the circuit court was not authorized to appoint the special prosecutor. Invoking the rule, that a defendant in a criminal proceeding cannot prevail by attacking the authority of one in public office because, as to the public interests, there is no difference between the acts of *de facto* and *de jure* officers, cannot be justified where the needs of public justice could be adequately served by recommencing the proceedings with a *de jure* prosecutor.

OPINION OF THE COURT

1. COURTS—CIRCUIT COURTS—DISTRICT COURTS—AUTHORITY—CRIMINAL LAW—SPECIAL PROSECUTORS—APPOINTMENT—STATUTES.

   A circuit court judge does not have statutory authority to appoint a special prosecutor to investigate possible criminal activity, issue warrants and initiate prosecution in district court (MCL 49.160; MSA 5.758).

2. APPEAL AND ERROR—CRIMINAL LAW—WARRANTS—DISMISSAL—DE FACTO OFFICERS—PUBLIC POLICY—PUBLIC JUSTICE—COLLATERAL ATTACK—AUTHORITY OF DE FACTO OFFICER.

   A trial court erred in dismissing warrants issued by a special prosecutor who was a *de facto* officer when the warrants were issued because the *de facto* doctrine will validate, on grounds of public policy and to prevent a failure of public justice, the acts of officials who function under color of law; the authority of a *de facto* officer may not be attacked collaterally but must be attacked in a proceeding instituted directly for that purpose.

3. DISTRICT AND PROSECUTING ATTORNEYS—SPECIAL PROSECUTORS—
   CRIMINAL LAW—APPOINTMENT—JUDGES—CIRCUIT COURTS—DE
   FACTO OFFICERS.

   A special prosecutor who had been appointed by a circuit judge to
   investigate possible criminal activity, issue warrants and initi-
   ate prosecution in district court may be held to be a *de facto*
   officer in instances where he was in possession and exercised
   the duties of the office, and where he had a fair color of title to
   the office even though his incumbency was illegal because the
   circuit judge did not have the power to appoint him for the
   purposes intended.

   DISSENT BY M. F. CAVANAGH, P.J.

4. DISTRICT AND PROSECUTING ATTORNEYS—CONFLICTS OF INTEREST—
   DISABILITY TO PROSECUTE—STATUTES.

   *A prosecutor's close relationship with a sheriff's department, in
   which a defendant is a deputy, or the prosecutor's role as
   defense counsel in a suit against the sheriff's department, in
   which suit defendant was a witness for the plaintiff, does not,
   by itself, present a sufficient conflict of interest to constitute a
   disability to prosecute within the meaning of the statute re-
   garding the right of a prosecutor to procure assistance (MCL
   776.18; MSA 28.1273).*

5. OFFICERS—DE FACTO OFFICERS—DEFINITION—OFFICIAL ACTS—CHAL-
   LENGES.

   *A de facto officer is one whose official status is at least colorable
   or has been assumed or conceded such that his putatively
   official acts, once acquiesced in, cannot later be challenged as
   without the power of office.*

6. CRIMINAL LAW—APPEAL AND ERROR—DISTRICT AND PROSECUTING
   ATTORNEYS—WARRANTS—CIRCUIT COURTS—CHALLENGES TO AU-
   THORITY.

   *Warrants issued by a special prosecutor who had been erro-
   neously appointed to his office are properly quashed by a circuit
   court where the appointed prosecutor's power was attacked at a
   pretrial conference preceding the preliminary examination and
   then successfully challenged by motion in the circuit court.*

7. CRIMINAL LAW—OFFICERS—PUBLIC OFFICERS—DE FACTO OFFICERS
   —DE JURE OFFICERS—PUBLIC POLICY—RULE—NECESSITY.

   *The rule that a defendant in a criminal proceeding cannot
   prevail by attacking the authority of one in public office be-
   cause, as to the public interests, there is no difference between*

*the acts of* de facto *and* de jure *officers, is followed upon the high ground of public policy and to prevent a failure of public justice; therefore, invocation of the rule is not justified, in an action to set aside the alleged unauthorized appointment of a special prosecutor, where recommencing the proceedings with a* de jure *prosecutor will adequately serve the needs of public justice.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph T. Barberi,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*Starr & Cornell,* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. On August 5, 1977, an Isabella County acting circuit judge set aside the previous appointment by an Isabella County circuit judge of a special prosecutor to investigate possible criminal activity in the sheriff's department. The people appeal as of right.

On June 9, 1977, the Isabella County Prosecuting Attorney petitioned the Isabella County circuit court for the appointment of a special prosecutor. The petition states as follows:

"NOW COMES Joseph T. Barberi, Prosecuting Attorney in and for Isabella County, Michigan, and respectfully shows unto this Honorable Court as follows:

"That an investigation needs to be conducted pertaining to the sale of a .38 calibur *[sic]* S&W Revolver, serial number D138195 previously reported as being stolen, said sale allegedly being made by a Deputy Sheriff.

"That a conflict of interest exists with regard to such investigation for the reason that a close working rela-

tionship exists between the Prosecuting Attorney's Office and the Isabella County Sheriff's Department. The Prosecuting Attorney's Office also is defending the Sheriff's Department in a civil law suit in which the possible Defendant is one of the alleged witnesses.

"That because of the conflict of interest, your Petitioner prays that a Special Prosecuting Attorney be appointed by the Court to conduct the investigation herein mentioned.

"Accordingly, your Petitioner prays that TIMOTHY J. TAYLOR, Attorney at Law, a member of the Isabella County Bar, be appointed by the Court to act as Special Prosecutor in this matter, with authority to perform all the duties and discharge all the functions of such office in relation to the investigation herein mentioned."

The prosecutor's petition was granted by an Isabella County circuit judge as follows:

"The Court having been advised that the duly elected Prosecuting Attorney of Isabella County, Joseph T. Barberi, will not be in a position to serve the People in the matter of the investigation of the sale of a stolen revolver because of a conflict of interest due to the close working relationship between the Prosecuting Attorney's Office and the Isabella County Sheriff's Department,

"IT IS HEREBY ORDERED that Timothy J. Taylor, a member of the Isabella County Bar, is HEREBY appointed to act as Special Prosecuting Attorney of Isabella County, with authority to perform all the duties and discharge all the functions of the office of Prosecuting Attorney insofar as they pertain to the investigation herein mentioned."

The special prosecutor conducted an investigation into the matter and on June 13, 1977, authorized the issuance of a warrant which charged the defendant with embezzlement or fraudulent conversion of certain property less than $100 in value. On July 11, 1977, the special prosecutor autho-

rized the issuance of an "amended" warrant which charged defendant with additional counts of forging a public record with intent to defraud, receiving and concealing stolen property less than $100, and a failure to present a firearm for safety inspection.

At the preliminary examination held on July 21, 1977, the forgery and fraudulent conversion counts were dismissed on the grounds of insufficient evidence. The defendant then filed a motion in circuit court to set aside the circuit judge's appointment of the special prosecutor. This motion was heard by the Isabella County probate judge who was sitting on assignment in the circuit court. On August 9, 1977, the acting judge entered an order setting aside the appointment of the special prosecutor and dismissing the warrants authorized by him. On August 5, 1977, the judge in his opinion wrote:

"In conclusion it is the opinion of this judge, after a careful and exhaustive search of the Michigan law, that while a circuit judge may appoint a special prosecuting attorney to act in *Circuit Court,* he may not appoint such a special prosecutor to *investigate a criminal complaint,* authorize warrants, or appear in misdemeanor cases and preliminary examinations in the *district court."* (Emphasis in original.)

On August 9, 1977, the judge entered the following order:

"The Court having considered the Motion of the Defendant, Lee Howard Davis, to set aside the Order appointing Timothy J. Taylor Special Prosecuting Attorney and the Court having considered the oral arguments of the parties and having considered the Briefs of the parties and the law, and having determined that the Order should be set aside;

"IT IS HEREBY ORDERED that the Order of June 9, 1977 appointing Timothy J. Taylor Special Prosecuting Attorney be and is hereby set aside.

"IT IS FURTHER ORDERED that the warrants which were authorized by the said Timothy J. Taylor be and are hereby dismissed."

The first issue raised on appeal is whether the circuit judge has statutory authority to appoint a special prosecutor to investigate possible criminal activity, issue warrants and initiate prosecution in district court.

On appeal the prosecutor asserts that the circuit court has inherent and statutory authority to appoint a special prosecutor for proceedings in district court. The defendant disagrees.

The power of the circuit court to appoint a special prosecutor is provided for in MCL 49.160; MSA 5.758, as follows:

"The supreme court and each of the circuit courts may whenever there shall be no prosecuting attorney for the county or when the prosecuting attorney shall be absent from the court, or unable to attend to his duties, if either of said courts shall deem it necessary, by an order to be entered in the minutes of such court, appoint some other attorney at law to perform, for the time being, the duties required by law to be performed in either of said courts by the prosecuting attorney, who shall thereupon be vested with all the powers of such prosecuting attorney for that purpose."

A statute (How Stat § 559) which is identical to MCL 49.160; MSA 5.758 was construed by the Michigan Supreme Court in *Sayles v Circuit Judge of Genesee County,* 82 Mich 84; 46 NW 29 (1890). The acting circuit judge relied on this case when he held that MCL 49.160; MSA 5.758 does not authorize circuit judges to appoint special prosecu-

tors to investigate possible crime, issue warrants
and initiate prosecution in the district court.

The facts in the *Sayles* case indicate that Mr.
Mallery wanted Mr. Sayles prosecuted for forgery.
The prosecutor issued a warrant, but before the
preliminary examination, he went into a copart-
nership with the attorneys who represented
Sayles. The prosecutor disqualified himself in the
case and requested that a special prosecutor be
appointed. The circuit judge appointed a special
prosecutor. The special prosecutor appeared before
the justice of the peace who would conduct the
preliminary examination and stated that he did
not take an enthusiastic interest in prosecuting
the case. The justice of the peace then dismissed
the case. Mr. Mallery then petitioned the circuit
court to appoint a special prosecutor to investigate
the facts and institute criminal proceedings, if
necessary. The circuit judge felt that the justice of
the peace did not act properly when he discharged
Mr. Sayles and appointed George Durand as spe-
cial prosecutor. The defendant appealed this ap-
pointment and the Michigan Supreme Court ad-
dressed the issue of the power of a circuit judge to
make this appointment.

The Court cited the statute, How Stat § 559,
which is exactly the same as MCL 49.160; MSA
5.758, and stated: "This section plainly refers to
cases *arising in* or *pending in those courts,* and not
to cases *out of such courts".* 82 Mich at 89. (Em-
phasis supplied.) The Court went on to say at 90:

"But the circuit judge cannot appoint a special prose-
cuting attorney to investigate a charge of crime, or to
conduct an examination before a justice of the peace.
The circuit judge is a conservator of the peace, but that
does not authorize him to appoint any one to act as a
public prosecutor, except in his own court, in cases over

which he has jurisdiction. Even then his power is statutory."

The language of the Supreme Court in *Sayles* is very specific in its interpretation of a statute which is identical to the statute in the instant case. Thus, we are constrained to hold that the circuit court does not have the power under MCL 49.160; MSA 5.758 to appoint special prosecutors for the purposes here requested. If circuit judges are to have this power, it is up to the Michigan Legislature to so provide or for the Michigan Supreme Court to reconsider the *Sayles* decision.

The next issue raised on appeal is whether the trial court erred in issuing the order which dismissed the warrants that the special prosecutor ordered.

The plaintiff maintains that the dismissal of the warrants authorized by the special prosecutor was improper because the *de facto* doctrine will validate them. The defendant alleges that there is no reason to apply the *de facto* doctrine in the instant case.

The *de facto* doctrine will validate, on grounds of public policy and prevention of a failure of public justice, the acts of officials who function under color of law. *People v Townsend,* 214 Mich 267, 270; 183 NW 177 (1921), *People v Matthews,* 289 Mich 440, 447–448; 286 NW 675 (1939).

In 46 CJ, Officers, § 366, p 1053, it states as follows:

"A person will be held to be a de facto officer when, and only when, he is in possession, and is exercising the duties, of an office; his incumbency is illegal in some respect; he has at least a fair color of right or title to the office, or has acted as an officer for such a length of

time, and under such circumstances of reputation or acquiescence by the public and public authorities, as to afford a presumption of appointment or election, and induce people, without inquiry, and relying on the supposition that he is the officer he assumes to be, to submit to or invoke his action; and, in some, although not all, jurisdictions, only when the office has a de jure existence." (Footnotes omitted.)

Also see, 67 CJS, Officers, § 135, pp 438-440.

In the instant case, the special prosecutor was in possession and exercised the duties of his office. His incumbency was illegal because the circuit judge did not have the power to appoint him, for the purposes intended. However, he had a fair color of title to the office. Therefore, we apply the *de facto* doctrine to the instant case and hold that the judge erred in dismissing the warrants issued by the special prosecutor. The authority of the *de facto* officer in this instance could not be attacked collaterally, but required a proceeding instituted directly for that purpose. The instant circuit court action satisfied this requirement. 46 CJ, Officers, § 366, p 1054; 67 CJS, Officers, § 135, p 440. In affirming the trial court in this regard, we rule that effective with the trial court's ruling, the *de facto* status of the special prosecuting attorney ended.

The case may be continued by the attorney general under MCL 14.28; MSA 3.181, or other appropriate manner.

Our holding finds support in one of our sister states. In *State v Bell,* 84 Idaho 153; 370 P2d 508 (1962), a special prosecutor was appointed because of the close business and personal relationship the prosecutor had with the defendant which made prosecution difficult of performance. The Court found the special prosecutor's appointment valid

and went on to say at 84 Idaho 160; 370 P2d 511–512:

"In such case, even though the appointment were defective or irregular, so far as the defendant is concerned the special prosecutor nevertheless became a de facto officer, and his appointment, and the prosecution of the action by him, was not subject to collateral attack by the defendant, in the absence of a showing that he was denied a fair trial by reason thereof."

We need not address plaintiff's remaining issue.

Affirmed in part and reversed in part. No costs, a public question being involved.

BEASLEY, J., concurred.

M. F. CAVANAGH, P.J. *(dissenting).* I have no dispute with the majority's conclusion that *Sayles v Circuit Judge of Genesee County,* 82 Mich 84, 89; 46 NW 29 (1890), precludes reliance upon MCL 49.160; MSA 5.758 as authority for appointment of a special prosecutor. However, the prosecution also argues that MCL 776.18; MSA 28.1273 provides alternate authority for such an appointment and this argument is not addressed by my brothers.

MCL 776.18; MSA 28.1273 has two clauses, the applicability of which to the case at bar will be considered separately.

The first clause provides as follows:

"The prosecuting attorney may, under the direction of the court, procure such assistance in the trial of any person charged with a felony as he may deem necessary for the trial thereof * * * ."

In what seems to be dictum, the Supreme Court in *Sayles v Circuit Judge of Genesee County, supra,* intimated that, under its prior decision in

*Beecher v Anderson,* 45 Mich 543, 547-548; 8 NW 539 (1881), this statute did not sanction a circuit court appointment of a private attorney to prosecute a case which the duly elected officer would not prosecute, even where the elected prosecutor requested appointment of a replacement.

Moreover, the clause refers only to appointments to assist in *trials of felonies.* The appointment in this case reached investigative and other pretrial work on charges including misdemeanors.

Finally, the prosecution's brief makes no argument that this clause legitimated the appointment here, and argues only that the clause's limitation to felony cases did not apply to the second clause. That clause reads, in relevant part, as follows:

"* * * the prosecuting attorney may, under the direction of the court, in case of disability of the prosecuting attorney, appoint an assistant to perform his duties during the disability of the prosecuting attorney."

The question here then is whether the prosecutor's close relationship with the sheriff's department (in which defendant was a deputy), or the prosecutor's role as defense counsel in a suit against the sheriff's department (in which suit defendant was a witness for the plaintiff), constituted a "disability" within the meaning of the above clause. I am persuaded they do not. I do not believe that the prosecutor should be allowed to abdicate his duties merely because the defendant is a member of a law enforcement agency with which the prosecutor frequently works. It should be the prosecutor's duty to proceed against all who break the law, including police officers. It might merit a different view if the prosecutor alleged that this was a personal friend of his and that his feelings toward this person would prevent a vigor-

ous prosecution. However, I do not believe that the suspect's identity as a police officer presents, by itself, a sufficient conflict of interest to constitute a "disability" to prosecute. I see no legitimate prosecutorial interest in not prosecuting police officers who break the law.

Nor is there any conflict of interest in prosecuting a person who happens to be a witness against the prosecutor's client. As the lower court judge very aptly observed in his opinion "any criminal action commenced against the [deputy] might smack of political overtones". However, the conflict between the prosecutor's duty and the adverse political repercussions he might suffer for doing it should not be elevated by this Court to the level of a legitimate disability.

I would thus conclude that, in the present case, the circuit court was not authorized to make the appointment.

It must next be resolved whether the prosecutor's warrants were properly quashed, given that his appointment was error. My brothers conclude that the warrants here were validated by the *de facto* doctrine. I cannot agree. A *de facto* officer is one whose official status is at least colorable or has been assumed or conceded such that his putatively official acts, once acquiesced in, cannot later be challenged as without the power of office. *People v Matthews,* 289 Mich 440, 447–448; 286 NW 675 (1939). Here, the appointed prosecutor's power was attacked at a pretrial conference preceding the preliminary examination and then successfully challenged by motion in the circuit court.

The case of *People v Townsend,* 214 Mich 267, 270-271; 183 NW 177 (1921), cited by both the prosecution and defendant, contains language indicating that a defendant in a criminal proceeding

cannot prevail by attacking the authority of one in public office (because, said the Court, as to the public interests, there is no difference between the acts of *de facto* and *de jure* officers). However, *People v Townsend, supra,* at 270, also stated that this rule was to be followed "[u]pon the high ground of public policy and to prevent a failure of public justice". Hence the rule is, in a sense, a rule of necessity. Invoking such a rule is not justified where, as here, recommencing the proceedings with a *de jure* prosecutor will adequately serve the needs of public justice.

For the foregoing reasons, I would affirm the decision of the trial court.