*In re* PETITION FOR APPOINTMENT OF SPECIAL PROSECUTOR

Docket No. 60665. Submitted November 2, 1982, at Lansing.—Decided January 20, 1983. Leave to appeal denied, 417 Mich 1086.

Oliver Moorer died after being shot by Saginaw police officers during the execution of a search warrant. The Saginaw County Prosecuting Attorney requested an inquest. As a result of the advisory verdict of the inquest jury that the death was by lawful means and his own review of the facts, the Saginaw County Prosecuting Attorney indicated that he did not intend to bring criminal charges against any person or persons involved in the death of Moorer. Thereafter, Rubie L. Moorer and others filed a petition in Saginaw Circuit Court seeking appointment of a special prosecutor to review the evidence and initiate and prosecute charges arising out of the shooting incident, petitioners alleging that during the district court inquest the Saginaw County Prosecuting Attorney acted to defend the police involved rather than to probe for evidence of criminal violations. The Saginaw County Prosecuting Attorney filed an answer. After a hearing in open court, Gary R. McDonald, J., dismissed the petition for lack of jurisdiction. Petitioners appeal. *Held:*

1. The statute providing for the appointment of a special prosecutor in effect at the time of these proceedings did not authorize the appointment of a special prosecutor for the purpose of investigating complaints of a crime or of initiating criminal charges.

2. Because of the doctrine of separation of powers, the courts should be hesitant to judicially expand the scope of the statute providing for the appointment of a special prosecutor.

3. Neither the circuit court's general equitable jurisdiction nor its authority to grant declaratory judgments provide a proper jurisdictional basis by which the circuit court may appoint a special prosecutor under circumstances not within

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 63 Am Jur 2d, Prosecuting Attorneys §§ 6, 8, 11.
[2] 63 Am Jur 2d, Prosecuting Attorneys § 26.

the scope of the specific statutory language relating to the appointment of a special prosecutor.

    4. Petitioners' remedy under these circumstances is to seek review, pursuant to statute, by the Attorney General.

    Affirmed.

1. Prosecuting Attorneys — Special Prosecutors — Courts.

    A circuit court does not have jurisdiction under the statute providing for appointment of a special prosecutor to appoint a special prosecutor for the purpose of investigating complaints of a crime or for the purpose of initiating criminal charges (MCL 49.160; MSA 5.758, as amended by 1978 PA 535).

2. Prosecuting Attorneys — Prosecutorial Discretion — Special Prosecutors — Courts.

    The decision by a prosecuting attorney not to initiate criminal charges is a discretionary executive act, and, as such, judicial interference with such exercise of discretion is severely limited; the judicial appointment of a special prosecutor to initiate criminal charges, in the absence of specific statutory mandate, should be viewed as an unwarranted interference with prosecutorial discretion.

3. Courts — Prosecuting Attorneys — Special Prosecutors — Equity — Declaratory Judgment.

    Neither a circuit court's general equitable jurisdiction nor its jurisdiction and power to grant declaratory judgments provide a jurisdictional basis to appoint a special prosecutor, the sole jurisdictional basis being pursuant to statute (MCL 49.160; MSA 5.758; GCR 1963, 521).

*Klimaszewski & Street* (by *Barbara A. Klimaszewski* and *William T. Street),* for petitioners.

*Annette M. Gray,* for Saginaw County Prosecuting Attorney.

Before: D. E. Holbrook, Jr., P.J., and Allen and R. L. Tahvonen,* JJ.

Per Curiam. Petitioners appeal as of right from an October 13, 1981, order of the trial court dis-

* Circuit judge, sitting on the Court of Appeals by assignment.

missing their petition, brought pursuant to MCL 49.160; MSA 5.758, on the ground that the trial court had no jurisdiction to grant the relief requested.

On April 22, 1981, Oliver Bruce Moorer was fatally shot by Saginaw police officers during the execution of a search warrant for marijuana. The Saginaw County prosecutor filed a petition in district court on May 27, 1981, requesting an inquest concerning the shooting incident. This inquest was held July 14 through July 24, 1981.

On July 28, 1981, the Saginaw County prosecutor issued a press release indicating his decision that no criminal charges would be brought against any person or persons concerning the death of Moorer. The release further stated that his decision was based on a review of the facts and the advisory verdict of the inquest jury which found the death was caused by lawful means.

On July 30, 1981, petitioners filed a petition in the circuit court seeking the appointment of a special prosecutor to review the evidence and initiate and prosecute charges arising from the shooting incident. Petitioners specifically alleged that during the district court inquest, the prosecutor acted to defend the police involved rather than to probe for evidence of criminal violations.

The sole issue on appeal is whether the trial court erred in determining that it had no jurisdiction to appoint a special prosecutor as requested by petitioners.

The ability of a court to appoint a special prosecutor to act in lieu of a county prosecutor is governed by statute. *People v Johnston,* 326 Mich 213, 217; 40 NW2d 124 (1949). The statutory language in effect at all times during the proceedings below was MCL 49.160; MSA 5.758, as amended by

1978 PA 535, which took effect on December 21, 1978. This Court has not yet had an opportunity to consider an application of the revised statute to a set of facts similar to those in the instant case. Under MCL 49.160; MSA 5.758 prior to its 1978 amendment, however, our question has been considered. See *People v Davis,* 86 Mich App 514; 272 NW2d 707 (1978); *Sayles v Genesee Circuit Judge,* 82 Mich 84; 46 NW 29 (1890). It is clear that under the old statute, as interpreted by *Davis* and *Sayles,* the circuit court would not have the power to appoint a special prosecutor under the circumstances herein. Said cases interpreted the old statutory language as referring to cases arising in or pending in the courts referred to and not to cases out of such courts. By limiting appointment of a special prosecutor to cases which had already come to court, the old statute precluded appointment for the purpose of investigation or initiation of criminal prosecutions.

We must now consider the language of the statute as amended to see if its scope would encompass the proposed appointment herein. Subsections (1) and (2) of the amended statute limit the appointment of a special prosecutor to the purpose of performing the duties of the prosecuting attorney *"in the respective court* in any matter in which the prosecuting attorney is disqualified" and "to perform the duties of the prosecuting attorney *in the probate court, the district court or any other court* within the county in any matter in which the prosecuting attorney is disqualified". (Emphasis supplied.) MCL 49.160, subds (1) and (2); MSA 5.758, subds (1) and (2), as amended by 1978 PA 535. We agree with the trial court that the above subsections do not allow the circuit court to appoint a special prosecutor to perform the duties

of the prosecuting attorney in any matters outside of the aforementioned courts, including the investigation of complaints of a crime or for the pur-·pose of initiating criminal charges.

Decisions regarding the initiation of criminal charges are discretionary executive acts. In deference to principles of separation of powers, judicial interference with the exercise of this discretion is severely limited. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972); *People v Thomas,* 118 Mich App 667; 325 NW2d 536 (1982). If the amended statute were interpreted as allowing the appointment of a special prosecutor to initiate criminal charges, even for legitimate reasons such as confict of interest, the court's appointment of a special prosecutor would constitute a judicial second-guessing of the prosecutor's actions. Because such an action by the courts is suspect under constitutional principles, we hesitate to make such an interpretation of this statute, since the statute does not explicitly provide for that kind of judicial power. Once a case is brought to court, the substitution of a special prosecutor does not constitute such an obvious interference with prosecutorial discretion.

Additionally, plaintiffs argue that subsection (3) of the statute allows the circuit court to appoint a special prosecutor for matters outside of the aforementioned courts. This argument is without merit, since subsection (3) is clearly controlled by subsections (1) and (2), which we have already held limit the appointment of the special prosecutor to those instances where the duties are to be performed in court.

Finally, since the circuit court judge has no jurisdiction to make such appointment other than by statute, clearly jurisdiction cannot be based

upon general equitable jurisdiction, or upon GCR 1963, 521, which governs declaratory judgments.

The recommended remedy herein is for petitioners to request the Attorney General to review their complaint and rule on same pursuant to the authority granted under MCL 14.28; MSA 3.181 and MCL 14.30; MSA 3.183.

Affirmed.