PEOPLE v HERRICK

Docket No. 182634. Submitted December 6, 1995, at Grand Rapids. Decided May 14, 1996, at 9:15 A.M.

Debra Herrick was charged in the Grand Traverse Circuit Court with extortion by a special prosecutor who was appointed by the circuit court after the Grand Traverse County Prosecuting Attorney refused to prosecute the defendant after a citizen's warrant was issued against her. The defendant moved to dissolve the appointment of the special prosecutor. The court, Philip E. Rodgers, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. MCL 49.160; MSA 5.758 authorizes the judiciary to appoint a special prosecutor to act in place of a county prosecuting attorney only where the county prosecuting attorney is disqualified by conflict of interest or is otherwise unable to attend to the duties of office. A county prosecuting attorney properly is disqualified for conflict of interest for conflicts arising from an attorney-client relationship or from a personal, financial, or emotional interest in the case or with the accused. A county prosecuting attorney's decision not to prosecute a suspected criminal does not constitute a conflict of interest for which a special prosecutor may be judicially appointed pursuant to MCL 49.160; MSA 5.758.

2. The statute that authorizes a citizen to seek an arrest warrant does not grant a corresponding right to have charges filed and prosecuted pursuant to the warrant.

3. Although the Michigan Attorney General has the authority to initiate criminal charges in any jurisdiction in this state, it is unclear in this case whether the Attorney General, who coauthorized the complaint against the defendant, remains intent on prosecuting the defendant, given that the Attorney General has not filed an appearance or participated in the proceedings.

Reversed and remanded.

PROSECUTING ATTORNEYS — CONFLICTS OF INTEREST — SPECIAL PROSECUTORS.

A county prosecuting attorney may be disqualified, and a special prosecutor may be judicially appointed to act in place of the county prosecuting attorney, for conflict of interest arising from an attorney-client relationship or from a personal, financial, or emotional

> interest in the case or with the accused; a county prosecuting attorney's decision not to prosecute a suspected criminal does not constitute a conflict of interest for which a special prosecutor may be judicially appointed (MCL 49.160; MSA 5.758).

*James M. Hunt*, Special Prosecuting Attorney, for the people.

*Rosi, Senger & Harrison, P.C.* (by *John Michael Senger*), for the defendant.

Before: SMOLENSKI, P.J., and GRIFFIN and A. L. GARBRECHT,* JJ.

PER CURIAM. Defendant appeals by leave granted an order denying her motion to dissolve the appointment of a special prosecutor. The appointment had been made after the Grand Traverse County Prosecutor decided not to prosecute defendant.

We reverse and remand for further proceedings. In doing so, we hold that a prosecutor's decision to refrain from prosecuting is not, in itself, a conflict of interest authorizing the appointment of a special prosecutor pursuant to MCL 49.160; MSA 5.758.

I

In 1988, defendant was a principal prosecution witness in a murder trial in Otsego County. See generally *People v Canter*, 197 Mich App 550; 496 NW2d 336 (1992); *People v Moore*, 189 Mich App 315; 472 NW2d 1 (1991). In March 1988, an attorney representing one of the defendants in the trial received a handwritten death threat. The man who was convicted for writing the threat had allegedly implicated defendant as an aider and abettor in the crime.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In July 1993, the recipient of the death threat and other defense attorneys involved in the Otsego County murder cases (hereafter complainants) asked the Grand Traverse County Prosecutor to prosecute defendant for her role in the death threat. In a letter dated July 12, 1993, the county prosecutor informed complainants that he had decided not to prosecute. In support of his decision, the county prosecutor cited a lack of evidence to corroborate the allegation that defendant played a role in writing the death threat and the prosecutor's reluctance to intervene in a case principally affecting Otsego County. A third reason was given in an affidavit that was attached to defendant's motion to quash the appointment of the special prosecutor. In the affidavit, the county prosecutor testified that the recipient of the death threat had stated to him that the "real reason" he wanted defendant prosecuted was so that she would "turn on the prosecutor in Otsego County." This allegation was vehemently denied by complainants.

Later, in July 1993, complainants sought and obtained in the district court a "citizen's warrant" for the arrest of defendant for her alleged role in the death threat. The Grand Traverse County Prosecutor refused to prosecute the warrant for the reasons he had stated earlier. Thereafter, complainants successfully petitioned the circuit court to appoint a special prosecutor to execute the warrant and prosecute defendant for obstruction of justice. In authorizing the appointment of a special prosecutor, the circuit court ruled that the county prosecutor "is disqualified from acting in this matter by reason of a conflict of interest arising due to the unwillingness of the Grand

Traverse County Prosecuting Attorney to act in this matter."

Thereafter, the special prosecutor moved to amend the felony information by changing the charge to extortion. The amended felony complaint (which was brought under a new file number because of an alleged clerical error) was coauthorized by the Attorney General, Frank J. Kelley. On February 24, 1994, the circuit court allowed the amendment.

Defendant moved to dissolve the appointment of the special prosecutor. At a hearing, defendant argued that the circuit court invaded the prosecutor's executive discretion by appointing a special prosecutor to overcome the prosecutor's decision not to prosecute.

The circuit court denied defendant's motion. In its ruling, the court stated that it had not instructed a special prosecutor to initiate a charge against defendant, but had instead given effect to a citizen's warrant. The court reasoned that, under the circumstances, its refusal to appoint a special prosecutor would nullify the statute that provides citizens the ability to request the issuance of an arrest warrant.[1] Further, the circuit judge stated that he "dramatically disagrees with

---

[1] MCL 764.1; MSA 28.860 provides in part:

(1) For the apprehension of persons charged with a felony, misdemeanor, or ordinance violation, a magistrate may issue processes to implement [an arrest], except that a magistrate shall not issue warrants for other than minor offenses until an order in writing allowing the issuance of the warrant is filed with the magistrate and signed by the prosecuting attorney, or unless security for costs is filed with the magistrate.

See also MCR 6.101. This Court has interpreted this statute to allow a private citizen who is prepared to file security for costs to ask for the issuance of an arrest warrant. *People v Joker*, 63 Mich App 421, 427; 234 NW2d 550 (1975).

defendant in the argument that any lawfully elected or appointed prosecutor has within his or her discretion the ability to ignore a citizen warrant."

This Court granted defendant's application for leave to appeal limited to the issues raised in defendant's application.

II

On appeal, defendant argues that the circuit court erred as a matter of law in ruling that the prosecutor's decision not to prosecute constitutes a conflict of interest authorizing the appointment of a special prosecutor pursuant to MCL 49.160; MSA 5.758. We agree.

The county prosecutor is a constitutional officer with discretion to decide whether to initiate criminal charges. *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683; 194 NW2d 693 (1972); *In re Special Prosecutor*, 122 Mich App 632, 636; 332 NW2d 550 (1983); *Inmates of Attica Correctional Facility v Rockefeller*, 477 F2d 375, 380 (CA 2, 1973); *Moses v Kennedy*, 219 F Supp 762, 764 (D DC, 1963). The principle of separation of powers restricts judicial interference with a prosecutor's exercise of executive discretion. *Special Prosecutor, supra* at 636; *People v Bolton*, 112 Mich App 626, 630; 317 NW2d 199 (1981); *Inmates of Attica Correctional Facility, supra* at 379-380; see generally Const 1963, art 3, § 2.

MCL 49.160; MSA 5.758 is the exclusive source of the judiciary's authority to appoint a special prosecutor in lieu of a county prosecutor. The statute permits such an appointment only when (1) the prosecuting attorney "is disqualified by reason of conflict of interest," or (2) "is otherwise unable to attend to the

duties of his office."[2] See *People v Johnston*, 326 Mich
213, 217; 40 NW2d 124 (1949); *Special Prosecutor*,
*supra* at 634.

Case law involving the disqualification of prosecu-
tors because of a conflict of interest falls into two
main subject categories. *People v Doyle*, 159 Mich
App 632, 641; 406 NW2d 893 (1987), modified on
rehearing 161 Mich App 743; 411 NW2d 730 (1987).
The first involves disqualification for conflicts arising
from a professional attorney-client relationship, such
as when the prosecutor has become privy to confi-
dential information. *Id.* The second encompasses
those situations where the prosecutor has a personal,
financial, or emotional interest in the litigation or
with the accused. *Id.*; *People v Fitzsimmons*, 183
Mich 284; 149 NW 976 (1914); *People v Cline*, 44 Mich
290; 6 NW 671 (1880). A prosecutor's decision not to
prosecute a suspected criminal falls into neither cate-
gory. Nor does the decision fall within any other stan-

---

[2] MCL 49.160; MSA 5.758 provides in part:

(1) If the prosecuting attorney of a county is disqualified by rea-
son of conflict of interest or is otherwise unable to attend to the
duties of the office, the supreme court, the court of appeals or the
circuit court for that county, upon a finding to that effect by the
court, may appoint an attorney at law as a special prosecuting
attorney to perform the duties of the prosecuting attorney in the
respective court in any matter in which the prosecuting attorney is
disqualified or until such time as the prosecuting attorney is able to
serve.

(2) If the prosecuting attorney of a county is disqualified by rea-
son of conflict of interest or is otherwise unable to attend to the
duties of the office, the circuit court for that county, upon a finding
to that effect by the court, may appoint an attorney at law as a spe-
cial prosecuting attorney to perform the duties of the prosecuting
attorney in the probate court, the district court, or any other court
within the county in any matter in which the prosecuting attorney
is disqualified or until such time as the prosecuting attorney is able
to serve.

dard definition of "conflict of interest." See MRPC 1.7-1.9. Therefore, upholding the decision of the circuit court would require the creation of an entirely new category to be included within the definition of "conflict of interest."

We are unwilling to create a definition of "conflict of interest" that would include a prosecutor's decision not to prosecute. In effect, such a construction would divest prosecutors of their executive discretion by making a particular exercise thereof grounds for the appointment of a special prosecutor. In our view, such a result would constitute a clear violation of the principle of separation of powers by permitting the judiciary to overrule the prosecutor's exercise of executive discretion. See *Special Prosecutor, supra* at 635-636; *People v Davis*, 86 Mich App 514, 521-522; 272 NW2d 707 (1978).

For these reasons, we hold that the trial court erred as a matter of law in ruling that the prosecutor's decision not to prosecute constituted a conflict of interest within the meaning of MCL 49.160; MSA 5.758. Because there was no other basis to authorize the appointment of a special prosecutor in this case, we reverse.

III

The fact that complainants had acquired a citizen's warrant against defendant does not affect our conclusion. The statutory provision, MCL 49.160; MSA 5.758, is the only authority by which a court may appoint a special prosecutor. It provides no exception for a situation where the prosecutor has decided not to pursue a citizen's warrant.

Nor does the statute that authorizes citizens to seek an arrest warrant grant a corresponding right to have charges filed and prosecuted pursuant to the warrant. See, e.g., *Sayles v Newton*, 82 Mich 84, 90-91; 46 NW 29 (1890); see also *Linda R S v Richard D*, 410 US 614, 619; 93 S Ct 1146; 35 L Ed 2d 536 (1973) ("in American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Anderson v Norfolk & W R Co*, 349 F Supp 121, 122 (WD Va, 1972) ("criminal statutes can neither be enforced by civil action . . . nor by private parties"); *Manning v Municipal Court of Roxbury Dist*, 372 Mass 315, 317-318; 361 NE2d 1274 (1977) (same). Serious constitutional questions would arise regarding the judiciary's ability to initiate criminal charges if the court-approved issuance of a citizen's warrant were to trigger the appointment of a special prosecutor.[3] We cannot accept such a construction because it would be inconsistent with our duty "to give the presumption of constitutionality to a statute and construe it as constitutional unless the contrary clearly appears." *Caterpillar, Inc v Dep't of Treasury*, 440 Mich 400,

---

[3] In *Sayles, supra* at 89-90, our Supreme Court held that a circuit court may appoint a special prosecutor only in cases that are currently pending within its jurisdiction. See also *People v Davis*, 86 Mich App 514, 521-522; 272 NW2d 707 (1978). Despite some minor changes in the statutory language, this Court has recently construed MCL 49.160; MSA 5.758 in a similar fashion. *Special Prosecutor, supra* at 635-636. In each case, it was held that a special prosecutor could not be appointed to investigate or initiate a criminal charge. *Sayles, supra* at 90; *Special Prosecutor, supra* at 635-636. Thus, it appears that the authority to appoint a special prosecutor is limited to those cases where charges have been brought and it is later discovered that the prosecutor is unable to act or is disqualified by reason of conflict of interest. *Sayles, supra* at 90; *Special Prosecutor, supra* at 635-636; *Davis, supra* at 521-522.

413; 488 NW2d 182 (1992), quoting *People v McQuillan*, 392 Mich 511, 536; 221 NW2d 569 (1974).

IV

Finally, the special prosecutor argues that if his appointment is found to be invalid, the case may nevertheless be continued by the Attorney General. In the present appeal, this issue is not before us. We acknowledge that the Attorney General has the authority to initiate criminal charges in any jurisdiction in the state. *In re Lewis' Estate*, 287 Mich 179, 183, 184; 283 NW 21 (1938); *People v Karalla*, 35 Mich App 541, 543-544; 192 NW2d 676 (1971). Thus, the Attorney General acts as a check on the discretion of the county prosecutor. Further, we note that in the present case the Attorney General coauthorized the extortion complaint. However, the Attorney General has not filed an appearance or participated in these proceedings. Accordingly, it is unclear whether the Attorney General has made a decision to prosecute defendant.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.