PEOPLE v DOYLE

Docket Nos. 87916, 87917, 93281. Submitted January 20, 1987, at Lansing. Decided April 22, 1987. Leave to appeal applied for.

Jonathan P. Doyle, Michael S. Reynolds and Matthew Kardos were each charged with delivery of cocaine following a large-scale investigation into drug trafficking in the Flushing, Michigan, area. Defendant Doyle waived his right to a preliminary examination on the ten charges against him, believing that his counsel had reached a plea agreement with Chief Assistant Genesee Prosecutor Dennis Lazar, Doyle's brother-in-law. Robert E. Weiss, Genesee County Prosecutor, subsequently denied that he approved the plea agreement. Doyle then filed motions in the Genesee Circuit Court seeking to enforce the plea agreement or to disqualify Prosecutor Weiss and his entire staff pursuant to MCL 49.160; MSA 5.758. Reynolds and Kardos were bound over to circuit court for the special purpose of determining whether the prosecutor's office should also be disqualified from their cases. The court, Harry B. McAra, J., entered an order disqualifying the entire prosecutor's office from prosecuting Doyle, Reynolds and Kardos as well as all others charged in connection with the Flushing drug investigation. The court further ordered the appointment of a different investigator and a special prosecutor to conduct the cases arising out of the Flushing drug investigation.

Walter Johnson, Scott J. Johnson and Timothy Donaldson were each charged with assault with intent to do great bodily harm. The victim was Danny Lazar, Chief Assistant Prosecutor Dennis Lazar's brother. Defendants filed a motion in the Genesee Circuit Court to disqualify the entire prosecutor's office pursuant to MCL 49.160; MSA 5.758, which was granted by the court, Donald R. Freeman, J. The court ordered the appointment of a special prosecutor to conduct the prosecution of the defendants.

The people appealed by leave granted from both circuit court

REFERENCES

Am Jur 2d, Prosecuting Attorneys §§ 10, 12, 30-32, 49.

Disqualification of prosecuting attorney on account of relationship with accused. 31 ALR3d 953.

orders, arguing that the mere appearance of impropriety alone is insufficient to support a disqualification order where there are no facts demonstrating an emotional or personal stake in the litigation which warrant recusal, and where there is no showing that the investigation was improperly conducted.

The Court of Appeals *held:*

1. The appearance of impropriety is sufficient to justify disqualification of a prosecuting attorney on the basis of a conflict of interest. In these cases, the fact that Dennis Lazar is the Chief Assistant Prosecutor and defendant Doyle's brother-in-law creates a conflict of interest. There was an appearance of impropriety when the chief assistant prosecutor acted in matters concerning Doyle. His relationship with Doyle is sufficiently incompatible with the interest of Doyle, of the state, and of the administration of justice generally so as to require him to withdraw from Doyle's case. Recusal of the entire office is required because he did not in fact withdraw from the Doyle case and because of his supervisory position in the prosecutor's office.

2. In *Doyle,* the trial court erred in disqualifying the entire office from the cases involving defendants Kardos and Reynolds. The record contained no facts demonstrating an emotional or personal stake on the part of the prosecuting attorney as to these defendants from which the trial court could have found an appearance of impropriety.

3. In *Doyle,* the trial court lacked authority to disqualify the prosecuting attorney and his staff from cases involving other defendants charged in connection with the Flushing drug investigation or to order the appointment of a special prosecutor since it was not presiding over those defendants' cases. The Court of Appeals vacated the orders disqualifying the prosecuting attorney from those cases.

4. In *Doyle,* the trial court lacked authority under MCL 49.160; MSA 5.758 to appoint a special investigator since the statute pertains solely to prosecuting attorneys. The order appointing a special investigator was vacated by the Court of Appeals.

5. In *Johnson,* the chief assistant prosecutor's relationship to the alleged victim creates a conflict of interest. The record disclosed that the chief assistant prosecutor was acting prosecutor when warrants for the arrest of these defendants were issued. Recusal of the entire office was required in view of his supervisory position in the prosecutor's office.

Affirmed in part, vacated in part and remanded.

1. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — QUESTIONS OF FACT — APPEAL.

A trial court's determination regarding the disqualification of the prosecuting attorney and the appointment of a special prosecutor pursuant to a statute which permits disqualification on the basis of a conflict of interest or an inability by the prosecuting attorney at attend to his duties involves a question of fact and will not be reversed on appeal unless it is found to be clearly erroneous (MCL 49.160; MSA 5.578).

2. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST — CODE OF PROFESSIONAL RESPONSIBILITY.

The recusal of a prosecuting attorney who has a personal interest in the case is required by the Code of Professional Responsibility.

3. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST.

The disqualification of a prosecuting attorney on the basis of a conflict of interest insures that the public's interest in having a prosecutor who will obtain justice, and not merely convict, and maintaining the impartiality and integrity of the criminal justice system will be served.

4. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST.

The appearance of impropriety is sufficient to justify disqualification of a prosecuting attorney on the basis of a conflict of interest; a defendant need not prove actual bad faith or unethical conduct on the part of the prosecutor and his staff.

5. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST.

A conflict of interest involving the elected county prosecutor himself requires recusal of the prosecutor and the entire staff; a conflict of interest involving an assistant prosecuting attorney requires recusal of the entire staff only where the assistant prosecutor in question has supervisory authority over other attorneys in the office or has policy-making authority.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Lenore M. Ferber,* Assistant Prosecuting Attorney, for the people.

*Terrance P. Sheehan* and *Andrew J. Transue,* for Jonathan P. Doyle.

*F. Jack Belzer,* for Matthew Kardos.

*Fitzgerald & Dumon, P.C.* (by *E. Thomas Fitzgerald* and *Robert D. Ashley*), for Michael Reynolds.

*Philip J. Olsen II,* for Scott Johnson.

*Frederick E. Salim,* for Timothy Donaldson.

*Jerome E. Burns,* for Walter Johnson.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. J. KELLY, P.J. These cases concern an appeal by the Genesee County Prosecutor from circuit court orders disqualifying Prosecutor Robert E. Weiss and his entire staff from prosecuting certain cases because of conflict of interest, and providing for appointment of a special prosecutor, pursuant to MCL 49.160; MSA 5.758. The two sets of cases arose from discrete factual situations, but involve the same legal issue and have been consolidated in this appeal. The first set of cases arose out of a large-scale investigation into drug trafficking in the Flushing, Michigan area. Defendant Johnathan P. Doyle is charged with delivery of cocaine, contrary to MCL 33.7401(1); MSA 14.15(7401)(1). Nine other drug charges are also pending against defendant Doyle in other district courts. Defendants Matthew S. Kardos and Michael Lee Reynolds are also charged with delivery of cocaine. The second set of cases concern defendants Walter Johnson, Scott James Johnson and Timothy Donaldson who are charged with assault with intent to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cause great bodily harm, MCL 750.84; MSA 28.279. The people appeal by leave granted. We affirm.

I

The basis of defendants Doyle's, Kardos' and Reynolds' motion for disqualification of the prosecutor for conflict of interest is the personal relationship between Doyle and Dennis Lazar, Chief Assistant Genesee County Prosecutor. Doyle and Lazar are brothers-in-law; their wives are sisters. The Flushing drug investigation, supervised by the prosecutor's office, began in August, 1984, and implicated Doyle in September, 1984. Doyle married Lazar's sister-in-law around Christmas, 1984.

Believing he had a plea agreement, Doyle waived preliminary examination on ten drug charges, and the cases were bound over to circuit court. After Prosecutor Weiss denied having agreed to the plea agreement, Doyle moved for remand of the cases to district court. Nine of the cases were remanded. However, Judge Harry B. McAra denied the motion to remand this case. Instead, hearings were held on the question of whether or not a plea bargain had been agreed to and the cases involving defendants Kardos and Reynolds were waived to the circuit court for the special purpose of determining whether the prosecutor's office was disqualified for conflict of interest.

At the hearings Doyle's original defense counsel, Terrance P. Sheehan, testified that he met with Lazar on three occasions, and thought a plea agreement had been reached in Doyle's case. Sheehan admitted that Lazar never said "we have an agreement," but Sheehan had the impression that they had a conditional agreement, subject to Lieutenant Peraino's approval. Because Sheehan be-

lieved an agreement had been reached, he permitted an incriminating interview between Doyle and Lieutenant Peraino.

Subsequently, at Doyle's preliminary examination, Sheehan and Lieutenant Peraino informed the assistant prosecuting attorney, Paul Jarboe, of the plea agreement. Jarboe wanted to confirm it with his superior but was unable to reach any authority there. Lieutenant Peraino suggested waiving the preliminary examinations in all ten cases and putting the plea bargain on the record in circuit court. Sheehan agreed and this was done. Soon after, Sheehan received a telephone call from Weiss who told him that they did not have a plea agreement. It was then that Sheehan moved for remand with the consequences previously outlined. Sheehan testified that Lazar told him that he could not make decisions on the Doyle case and Sheehan understood that Lazar was not involved in the Doyle case, that Lazar was speaking for Weiss and acting at Weiss' direction. However, all of Sheehan's discussions were with Lazar; he never spoke with Weiss or any other prosecutor.

Dennis Lazar testified that he did have discussions with Sheehan, but denied that he indicated that they had a plea agreement subject to Lieutenant Peraino's approval. Lazar testified that he was speaking on behalf of Weiss and related the conversations with Sheehan to Weiss. The trial court asked Lazar why he talked to Sheehan if he was disqualifying himself. Lazar answered that he had removed himself from the decision-making processes, but that Weiss had given him authority to gather information and to relate it to Weiss.

Mr. Weiss, Prosecutor for Genesee County, testified that when Lazar told him that Sheehan wanted a plea bargain Weiss told him no. Weiss

testified that after Doyle became Lazar's brother-in-law, Lazar was out of the Doyle case. Lazar was still involved, however, in cases in which Doyle was a witness.

Subsequently, the trial judge denied Doyle's motion to enforce the alleged plea bargain and that issue is not before this Court. However, the trial judge granted all defendants' motions for disqualification of Prosecutor Weiss and his staff pursuant to MCL 49.160; MSA 5.758. In his opinion, Judge McAra stated that, while the court did not find that there had been actual fraud or impropriety on the part of the prosecutor's office, there was the appearance of impropriety. The order for disqualification provided for appointment of a special prosecutor and for appointment of an investigator to assist the special prosecutor. The order disqualified the prosecutor's office from prosecuting the Doyle, Reynolds and Kardos cases, and also all other cases arising out of the Flushing drug investigation, including other cases pending against Doyle.

II

The basis for defendants Walter Johnson's, Scott Johnson's and Timothy Donaldson's claim for disqualification is that the complaining witness and victim, Danny Lazar, is the brother of Dennis Lazar, Chief Assistant Prosecutor.

The charges against defendants Walter Johnson, Scott Johnson and Timothy Donaldson arose out of an altercation on November 4, 1984. Three complaints were filed. Two complaints were filed by Danny Lazar and Genesee County Police Officer Charles Abraham alleging criminal activity by the three defendants. Ruth Johnson, wife of defendant Walter Johnson, filed the third complaint, alleging that Danny Lazar assaulted her husband. The

warrants were issued more than three months after the complaints were filed, and were authorized by Assistant Prosecutor John McGraw. Prosecutor Weiss testified that he was unable to establish that he was in the office on the day the warrants were issued, in which case Dennis Lazar would have acted as prosecuting attorney. Weiss testified that Dennis Lazar did not participate in this matter and that the warrant authorization was issued by Assistant Prosecutor McGraw. The trial court, Judge Donald R. Freeman, found it likely, however, that Dennis Lazar was the supervising prosecutor when McGraw issued the warrants.

Weiss also testified that, prior to the altercation, Ruth Johnson came to see him to discuss a complaint against Danny Lazar, which involved allegations of sexual impropriety. Weiss testified that Ruth Johnson wanted to proceed against Danny Lazar, but that he was not sure that she had made a formal criminal complaint. Weiss, who testified that he knew Danny, telephoned him after the meeting with Ruth and advised Danny to avoid Walter Johnson. Weiss also thought that Dennis Lazar had discussed the case with his brother.

Judge Freeman granted defendants' motion for disqualification of Prosecutor Weiss and his staff, and ordered a special prosecutor or the Attorney General to take over those duties.

III

The people's argument is that the mere appearance of impropriety alone is insufficient to support a disqualification order where there are no facts demonstrating an emotional or personal stake in the litigation which warrants recusal, and where there is no showing that either investigation was improperly conducted.

The various defendants brought these motions to disqualify the Genesee County Prosecutor and his staff pursuant to MCL 49.160; MSA 5.758 which provides in part:

> (1) If the prosecuting attorney of a county is disqualified by reason of conflict of interest or is otherwise unable to attend to the duties of the office, the supreme court, the court of appeals or the circuit court for that county, upon a finding to that effect by the court, may appoint an attorney at law as a special prosecuting attorney to perform the duties of the prosecuting attorney in the respective court in any matter in which the prosecuting attorney is disqualified or until such time as the prosecuting attorney is able to serve.
>
> *     *     *
>
> (4) This section shall not apply if an assistant prosecuting attorney has been or can be appointed by the prosecuting attorney pursuant to . . . section 776.18 of the Michigan Compiled Laws, to perform the necessary duties within the constraints of that section or if an assistant prosecuting attorney has been otherwise appointed by the prosecuting attorney pursuant to law and is not disqualified from acting in place of the prosecuting attorney.

No Michigan case has stated the appropriate standard of review of a court's decision under MCL 49.160; MSA 5.578. Cases from other states have held that disqualification of the prosecuting attorney is a matter of judicial discretion. Thus, in those states, appellate courts review that decision under an abuse of discretion standard. See Anno: *Disqualification of prosecuting attorney on account of relationship with accused*, 31 ALR3d 953; *Young v State*, 297 Md 286; 465 A2d 1149 (1983); *People v Superior Court (Greer)*, 19 Cal 3d 255; 137 Cal Rptr 476; 561 P2d 1164 (1977). In California, ap-

pointment of a special prosecutor to replace a prosecutor disqualified on the basis of a conflict of interest was originally a judicially created doctrine grounded in the court's inherent power to supervise its judicial proceedings. *Greer, supra.* In Michigan, however, appointment of a special prosecutor is authorized by statute. The Michigan statute authorizes the court to appoint a special prosecutor to replace a prosecuting attorney who is disqualified because of a conflict of interest or who is otherwise unable to attend to his duties "upon a finding to that effect by the court." MCL 49.160(1); MSA 5.578(1). Therefore, the determination of the existence of a conflict of interest is a question of fact and should be reviewed under the clearly erroneous standard of MCR 2.613(C).

IV

Cases discussing disqualification of prosecutors fall into two main subject categories. The first category involves disqualification for a conflict of interest arising out of some professional, attorney-client relationship, as when the defendant is a former client of the prosecuting attorney. The prior existence of an attorney-client relationship raises typical privilege and conflict of interest questions. Cases in this category discuss whether the prosecuting attorney became privy to confidential information which he may not ethically use against the defendant and whether such information may be imputed to other members of the prosecuting attorney's office. The vast majority of published cases seem to be of this type. See 31 ALR3d 953.

The instant cases fall into the second category, which includes situations where the prosecuting attorney has a personal interest (financial or emo-

tional) in the litigation, or has some personal relationship (kinship, friendship or animosity) with the accused. In Michigan, the recusal of a prosecuting attorney who has a personal interest in the case is required by the Code of Professional Responsibility. Canon 9 provides that "a lawyer should avoid even the appearance of professional impropriety." DR 5-101 is arguably applicable:

> DR 5-101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
>
> (A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

Two Michigan cases discuss disqualification of the prosecuting attorney for conflict of interest due to some personal interest in the litigation. *People v Cline,* 44 Mich 290; 6 NW 671 (1880), held that the prosecuting attorney was disqualified because the complaining witness was his brother and because the prosecuting attorney's firm was also a victim of the swindle allegedly perpetrated by the defendants in that case. In the second case, *People v Fitzsimmons,* 183 Mich 284; 149 NW 976 (1914), the defendant, a cashier at a bank, was charged with embezzlement. The prosecuting attorney had appeared on behalf of some of the bank's creditors to object to the appointment of administrators sponsored by the defendant's counsel. The prosecuting attorney had appeared gratuitously and was not employed as an attorney by the creditors, except in those probate proceedings. These facts were not, apparently, the basis of the Court's decision. The Court found that the prosecuting

attorney was disqualified because of his interest as a depositor of the bank:

> In the instant case [defendant] was defending upon the theory that another than himself caused the shortage in the funds of the bank. The same state of facts which would sustain his conviction if shown would establish his civil liability to the bank. The prosecuting attorney was a depositor in the bank, which gave him a direct interest in its assets, one of which might be the liability of the [defendant]. [*Fitzsimmons, supra,* p 289.]

Courts around the country recognize two policy considerations underlying the disqualification of prosecuting attorneys for a conflict of interest. The first policy served by the rule is fairness to the accused. It is universally recognized that a prosecutor's duty is to obtain justice, not merely to convict. While the prosecutor must prosecute vigorously, he must also prosecute impartially. *Greer, supra,* p 266; *People v Conner,* 34 Cal 3d 141; 193 Cal Rptr 148; 666 P2d 5 (1983); *People v Morgan,* 86 Mich App 226, 227; 272 NW2d 249 (1978). In *Greer,* the California Supreme Court recognized that the prosecutor's discretionary functions are not confined to pretrial matters. The prosecuting attorney, like other lawyers, has the ability to conduct the case in the manner he chooses.

> A district attorney may thus prosecute vigorously, but both the accused and the public have a legitimate expectation that his zeal, as reflected in his tactics at trial, will be borne of objective and impartial consideration of each individual case. [*Greer, supra,* p 267.]

The *Greer* Court concluded:

> [A] trial judge may exercise his power to disqual-

ify a district attorney from participating in the prosecution of a criminal charge when the judge determines that the attorney suffers from a conflict of interest which might prejudice him against the accused and thereby affect, or appear to affect, his ability to impartially perform the discretionary function of his office. [*Greer, supra,* p 269.]

The second policy served by disqualification of a prosecuting attorney for conflict of interest is the preservation of public confidence in the impartiality and integrity of the criminal justice system. *Greer, supra,* p 268; *Conner, supra,* p 146; 31 ALR3d 953. American courts have consistently held that the appearance of impropriety is sufficient to justify disqualification of a prosecuting attorney. A defendant need not prove actual bad faith or unethical conduct on the part of the prosecutor and his staff. *Love v Superior Court,* 111 Cal App 3d 367; 168 Cal Rptr 577 (1980); 31 ALR3d 953; *Ward v State,* 33 Okla Crim 182; 242 P 575 (1926). It has also been argued that to require a defendant to prove actual impropriety would be too great a burden. *State v Detroit Motors,* 62 NJ Super 386; 163 A2d 227 (1960); 31 ALR3d 953.

v

When a court determines that a conflict of interest exists, the question then arises as to whether the circumstances require recusal of the prosecutor's entire office or only of the particular prosecuting attorney. The general rule is that a conflict of interest involving the elected county prosecutor himself requires recusal of the prosecutor and the entire staff. Since assistant prosecutors act on behalf of the elected county prosecutor and are supervised by him, the policies of fairness to the

defendant and the avoidance of an appearance of impropriety require this result. 31 ALR3d 953. When the conflict of interest involves an assistant prosecuting attorney, as in these cases at bar, recusal of the entire prosecutor's office is not automatic. The California courts have recognized the supervisory responsibilities of the prosecuting attorney as a key factor. If the assistant prosecuting attorney concerned in the conflict of interest has supervisory authority over other attorneys in the office, or has policy-making authority, then recusal of the entire office is likely to be necessary. *Chadwick v Superior Court,* 106 Cal App 3d 108, 120-123; 164 Cal Rptr 864 (1980).

Here, the testimony showed that Lazar was the only assistant prosecuting attorney to speak with Doyle's counsel about his case. While Lazar and Weiss both testified that Lazar was removed from "decision-making" in Doyle's case, the circuit court felt Lazar's involvement with Doyle's counsel created the appearance of impropriety. The idea that Lazar could withdraw from all decision-making in the Doyle case, yet continue to participate in investigation and discussions concerning that case, is a fine distinction that draws a line difficult to straddle in both theory and practice. It appears that Lazar's involvement in the Doyle case led to serious misunderstandings with Sheehan which may have prejudiced Doyle. Whether Lazar's personal interest in the Doyle case would appear to incline him in favor of or against Doyle is irrelevant. Recusal is equally appropriate where the prosecuting attorney has a personal interest in convicting the accused, since the state's interest is in attaining impartial justice, not merely a conviction.

We cannot say the trial court clearly erred in finding the elected prosecutor and his chief assis-

tant too intertwined in the chain of command to permit their staff to conduct these prosecutions. Therefore, Judge McAra's decision disqualifying the Genesee County Prosecutor from prosecuting the drug charge against Doyle is not clearly erroneous and is affirmed. The fact that Lazar is the Chief Assistant Prosecutor and Doyle's brother-in-law creates for Lazar a conflict of interest. There is an appearance of impropriety when Lazar acts in matters concerning Doyle. His family relationship with defendant Doyle is sufficiently incompatible with the interest of the defendant, of the state and of the administration of justice generally so as to require Lazar to withdraw from Doyle's case. Recusal of the entire office is required because Lazar did not in fact withdraw from the Doyle case and because of Lazar's supervisory position in the prosecutor's office.

Whether these facts also require recusal of the prosecutor's office in the Kardos and Reynolds cases is less clear. Defendants Kardos and Reynolds argue that Lazar's conflict of interest in the Doyle case also taints their cases because all three arose out of the same large drug investigation. We disagree. There is no appearance of impropriety unless there are facts demonstrating an emotional or personal stake in the litigation which warrants recusal. After a careful reading of the transcript we find that Judge McAra clearly erred in concluding that, to preclude an appearance of impropriety, recusal of the prosecutor's office as to Kardos and Reynolds was appropriate. Judge McAra did not articulate what facts he relied on in reaching this conclusion. Assistant Prosecutor Yuille testified that Doyle was not involved in the Reynolds and Kardos cases as far as he knew. The record does not show otherwise. The prosecutor may, however, in the interest of efficiency allow

the special prosecutor which we deem necessary for the Doyle case to also handle the Kardos and Reynolds cases.

VI

However, Judge McAra's order for recusal of the Genesee County Prosecutor in those cases which were not pending before the trial court, including the other nine Doyle cases in district court, is vacated. While recusal may be warranted, the trial court did not have jurisdiction over those cases. The statute, MCL 49.160; MSA 5.758, only authorizes the court to appoint a special prosecutor "to perform the duties of the prosecuting attorney in the respective court in any manner in which the prosecuting attorney is disqualified." The trial court was without authority to order recusal for cases not before it. Likewise, although there was evidence supporting the trial court's concern that Lieutenant Peraino's close working relationship with the prosecutor's office, and especially with Lazar, made it improper for Peraino to continue his involvement with these cases, there is no authority for the trial court's order recusing an investigating police officer. MCL 49.160; MSA 5.758 concerns only prosecuting attorneys disqualified for conflict of interest. That statute does not authorize the court to appoint a special investigator to assist the special prosecutor. Thus, the trial court's order recusing Lieutenant Peraino is without legal authority and is vacated by this Court.

VII

As regards the disqualification of the prosecutor's office as to the second set of cases involving defendants Johnson, Johnson and Donaldson, the

facts of these cases resemble the facts in *People v Cline, supra,* in which the Supreme Court held that the prosecuting attorney was disqualified because the complaining witness was his brother and because the prosecuting attorney's firm was also a victim of the swindle allegedly perpetrated by defendants. Chief Assistant Lazar's relationship, that of brother, to the complaining witness Danny Lazar creates a conflict of interest for Lazar in regards to these cases. While Prosecutor Weiss testified that Lazar did not have any involvement with these cases, the testimony established that Lazar was acting prosecutor when the arrest warrants were issued. Recusal is therefore required and Chief Assistant Lazar's supervisory position in the prosecutor's office requires recusal of the entire staff.

Affirmed in part, vacated in part and remanded for proceedings consistent with this opinion.