PEOPLE v DOYLE (ON REHEARING)

Docket No. 87916. Submitted January 20, 1987, at Lansing. Decided April 22, 1987. Decided on rehearing July 21, 1987.

Jonathan P. Doyle was charged with a number of different drug charges. When the Genesee County Prosecutor refused approval of a plea agreement allegedly agreed to by the chief assistant prosecutor who was defendant's brother-in-law, defendant moved in Genesee Circuit Court to either enforce the plea agreement or disqualify the prosecutor and his entire staff. The trial court, Harry B. McAra, J., found that a conflict of interest existed and disqualified the Genesee County Prosecutor and his entire staff not only from the case pending in circuit court but also from the related cases still pending in a Genesee district court. Plaintiff appealed. The Court of Appeals affirmed the trial court's dismissal of the prosecutor and his entire staff with respect to the case pending in circuit court but set aside that portion of the trial court's order disqualifying the prosecutor and his staff with respect to the related cases pending in the Genesee district court. 159 Mich App 632 (1987). Defendant moved for a rehearing with respect to the question of disqualification of the prosecutor and his staff as to the related charges pending in district court.

The Court of Appeals on rehearing *held:*

The Genesee Circuit Court had statutory authority to disqualify the Genesee County Prosecutor and his staff from performing the duties of county prosecutor in any district court within the county with respect to the prosecution of defendant once the court found that there was a conflict of interest. Accordingly, the portion of the trial court's order with respect to the disqualification of the prosecutor's office as to all related matters pending in district court is reinstated.

159 Mich App 632 (1987) affirmed as modified.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 184-188.

Disqualification of prosecuting attorney on account of relationship with accused. 31 ALR3d 953.

See the annotations in the Index to Annotations under Conflict of Interest.

PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST — DISTRICT COURTS.

> A circuit court, upon determining that, because of a potential conflict of interest, the county prosecutor and his staff must be disqualified from performing the duties of a county prosecutor with respect to proceedings against a particular individual, may order that the prosecutor and his staff be disqualified from any action with respect to that individual not only in the matter pending in circuit court but also in any matters pending in any district court in the county (MCL 49.160[2]; MSA 5.758[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Andrew J. Transue* and *Terrance P. Sheehan,* for defendant on appeal.

ON REHEARING

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. J. KELLY, P.J. The facts of this case are set forth at 159 Mich App 632; 406 NW2d 893 (1987) and need not be repeated here. We have granted defendant Jonathan P. Doyle's motion for rehearing in order to reconsider our prior ruling on the authority of the Genesee Circuit Court to dismiss the Genesee County Prosecutor's office from prosecuting charges pending against defendant Doyle in district court. Upon reconsideration we are persuaded that we erred, and we reverse our earlier holding on this question only.

We now conclude that the Genesee Circuit Court had authority to disqualify the Genesee County Prosecutor's office from performing its duties in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

any district court within the county with regard to the prosecution of defendant Doyle. MCL 49.160(2); MSA 5.758(2) expressly provides:

> If the prosecuting attorney of a county is disqualified by reason of conflict of interest or is otherwise unable to attend to the duties of the office, the circuit court for that county, upon finding to that effect by the court, may appoint an attorney at law as a special prosecuting attorney to perform the duties of the prosecuting attorney in the probate court, the district court, or any other court within the county in any matter in which the prosecuting attorney is disqualified or until such time as the prosecuting attorney is able to serve.

See also, *In re Petition for Appointment of Special Prosecutor*, 122 Mich App 632; 332 NW2d 550 (1983). On the basis of this authority, we reinstate that portion of the trial court's order disqualifying the Genesee County Prosecutor's office from prosecuting charges against defendant Jonathan Doyle as to the nine other drug charges which were then pending against defendant Doyle in Genesee County district courts.