*In re* OSBORNE

Docket No. 200296. Submitted March 12, 1998, at Grand Rapids. Decided
    July 24, 1998, at 9:00 A.M.

    The Family Independence Agency filed a petition in the Muskegon
    County Probate Court, Juvenile Division, seeking to terminate the
    parental rights of Dyphine Osborne to her minor child. The neglect
    proceedings and numerous hearings spanned a three-year period,
    culminating in an order terminating the respondent's parental rights
    following a permanent wardship trial, Neil G. Mullally, J. The
    respondent appealed by leave granted.

    The Court of Appeals *held*:

    1. The respondent was denied her right to a fair trial because the
    assistant prosecutor who represented the petitioner at the perma-
    nent wardship trial had previously represented the respondent at a
    review hearing in the same neglect proceeding one year earlier.
    Prejudice must be presumed because the extent to which the confi-
    dential information the attorney obtained from his prior representa-
    tion could be used against the respondent is immeasurable and the
    danger is obvious. The probate court's order must be reversed and
    the matter must be remanded for a new trial.

    2. The appropriate remedy in this case is to disqualify the entire
    Muskegon County prosecutor's office from representing the peti-
    tioner on remand. The probate court, on remand, must appoint a
    special prosecuting attorney to represent the petitioner.

    Reversed and remanded.

1. PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — COURT-APPOINTED
    COUNSEL — CONFLICT OF INTEREST.

    Indigent parents have the right to court-appointed counsel who is free
    from conflicts of interest at all hearings in a child protective pro-
    ceeding (MCR 5.915[B][1]).

2. ATTORNEY AND CLIENT — CONFLICT OF INTEREST.

    The Michigan Rules of Professional Conduct provide that a lawyer
    serving as a public officer or employee shall not participate in a
    matter in which the lawyer participated personally and substan-
    tially while in private practice or nongovernmental employment

unless the law otherwise expressly permits such participation (MRPC 1.11[c][1]).

3. PROSECUTING ATTORNEYS — DISQUALIFICATION OF PROSECUTING ATTORNEYS — CONFLICT OF INTEREST.

> The policy considerations underlying the disqualification of prosecuting attorneys for a conflict of interest are fairness to the accused and the preservation of public confidence in the impartiality and integrity of the criminal justice system; a conflict of interest is obvious where a prosecuting attorney prosecutes someone after having previously represented that person in the same case; under such circumstances, no specific prejudice need be shown by the defendant and the defendant may be found to have been denied a fair trial.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Nick Mehalco, Jr.*, Senior Assistant Prosecuting Attorney, for the Family Independence Agency.

*Shon A. Cook*, for Dyphine Osborne.

*John M. Wiewiora*, for the minor child.

Before: MARKEY, P.J., and GRIFFIN and WHITBECK, JJ.

GRIFFIN, J. Respondent Dyphine Osborne appeals by leave granted an order of the Muskegon County Probate Court, Juvenile Division, terminating her parental rights to her minor child pursuant to MCL 712A.19b(3)(c)(i) and (g); MSA 27.3178(598.19b)(3)(c)(i) and (g). On appeal, respondent alleges that she was denied a fair trial because the assistant prosecutor who represented petitioner Family Independence Agency at the permanent wardship trial had previously represented her as defense counsel in the same

neglect proceedings.[1] We agree that respondent was denied her right to a fair trial and therefore reverse and remand for further proceedings.

I

During the course of the neglect proceedings and numerous hearings that spanned a three-year period, culminating in the termination of her parental rights, respondent was represented by five different court-appointed attorneys. Correspondingly, petitioner was represented by three different assistant prosecuting attorneys. One of respondent's attorneys was Kevin Wistrom, who represented respondent at a review hearing on August 22, 1995. However, one year later, Wistrom, now a Muskegon County assistant prosecutor, represented petitioner against his former client during the three-day permanent wardship trial.

In its brief on behalf of petitioner, the Muskegon County Prosecuting Attorney characterizes Mr. Wistrom's conflict of interest as follows:

> The record in this case is void of any reference that the Appellant or Mr. Wistrom were even aware of such a conflict. There is no mention in the record that this issue was

---

[1] Although no objection or motion for disqualification was made in the trial court, and the issue was not raised in respondent's application for leave to appeal to this Court as required by MCR 7.205(D)(4), we grant relief to respondent pursuant to MCR 7.216(A)(7). In so doing, we note that in these particular circumstances, "[r]esolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation," Comment to Rule 1.7 of the Michigan Rules of Professional Conduct, and that attorney Kevin Wistrom should have been cognizant of the conflict and disclosed it or disqualified himself. Applying by analogy principles of appellate review regarding plain, unpreserved error in the criminal law context, the error in the instant case, an obvious conflict of interest, falls within that category of cases "where prejudice is presumed or reversal is automatic." *People v Grant*, 445 Mich 535, 553; 520 NW2d 123 (1994). See discussion later in text of opinion.

raised, discussed, etc. There is no evidence from the record that would show that Mr. Wistrom relied on any prior confidential information obtained from his then client the [A]ppellant. Therefore, this court does not have before it enough facts to rule on this issue.

The brief filed on behalf of the minor child also relies on the defense of ignorance:

> According to the court record and the transcripts supplied, Attorney Kevin Wistrom did represent Respondent at one point in the proceedings, filling in for Hal Hermanson at a review hearing on August 22, 1995, as well as the petitioner throughout the permanent wardship proceedings nearly one year later. Yet, there is no mention in the transcripts of the three days scheduled for the permanent wardship trial that Mr. Wistrom recognized Respondent or recalled his prior representation of her or recalled any conversation with Respondent. Because no objection was raised, the trial court did not inquire into the prior representation or look into what effect it would have on Mr. Wistrom representing the petitioner.
>
> While the cases cited by Appellant discuss the propriety of an attorney representing adverse parties at different stages of a proceeding, it is clear that they were discussing the knowing representation of an adverse party after having represented another. The cases properly address the problem of the attorney using privileged information to the detriment of a former client or the appearance of impropriety being enough to have the attorney removed from the latter appearance. *Yet, these are only issues if the attorney recalls the prior representation.* [Emphasis added.]

II

The Michigan Supreme Court has acknowledged the uniqueness of cases involving the involuntary, permanent termination of parental rights, "in the kind, the degree, and the severity of the deprivation they

inflict." *In re Sanchez,* 422 Mich 758, 765; 375 NW2d
353 (1985). Although the right to court-appointed
counsel in all cases is not guaranteed by the United
States Constitution,[2] MCR 5.915(B)(1) mandates the
appointment of counsel for indigent parents at all
hearings in a child protective proceeding.[3] Borrowing
from the axioms of Sixth Amendment right-to-counsel
jurisprudence, *In re Simon,* 171 Mich App 443, 447;
431 NW2d 71 (1988), we hold that where the right to
court-appointed counsel exists, there is a correlative
right to representation that is free from conflicts of

---

[2] In *Lassiter v Dep't of Social Services of Durham Co, North Carolina,*
452 US 18, 32; 101 S Ct 2153; 68 L Ed 2d 640 (1981), the United States
Supreme Court held that the Fourteenth Amendment of the United States
Constitution does not require court-appointed counsel for a respondent in
every neglect or termination of parental rights proceeding. Rather, the
decision whether due process calls for the appointment of counsel is to
be answered in the first instance by the trial court, subject to appellate
review. *Id.* The Michigan courts have never resolved the nature of the doc-
trinal foundation for the appointment of counsel for indigent respondents
in parental rights termination cases. See *In re Sanchez, supra* at 766, n 8;
*Reist v Bay Circuit Judge,* 396 Mich 326, 339-346; 241 NW2d 55 (1976); *In
re Perry,* 148 Mich App 601, 609-610; 385 NW2d 287 (1986).

[3] MCR 5.915(B)(1) provides in pertinent part:

(B) Child Protective Proceedings.

(1) Respondent.

(a) At respondent's first court appearance, the court shall advise
the respondent of the right to retain an attorney to represent the
respondent at any hearing conducted pursuant to these rules and
that

(i) the respondent has the right to a court-appointed attorney if
the respondent is financially unable to retain counsel, and,

(ii) if the respondent is not represented by an attorney, that the
respondent may request and receive a court-appointed attorney at
any later hearing.

(b) When it appears to the court, following an examination of the
record, through financial written statements, or through other
means that the respondent is financially unable to retain an attor-
ney and the respondent desires an attorney, the court shall appoint
one to represent the respondent at any hearing conducted pursuant
to these rules.

interest. *Strickland v Washington*, 466 US 668; 104 S
Ct 2052; 80 L Ed 2d 674 (1984); *Wood v Georgia*, 450
US 261, 271; 101 S Ct 1097; 67 L Ed 2d 220 (1981);
*Cuyler v Sullivan*, 446 US 335; 100 S Ct 1708; 64 L Ed
2d 333 (1980); *People v Kirk*, 119 Mich App 599, 601;
326 NW2d 145 (1982). As the Court explained in
*Strickland, supra* at 692:

> In *Cuyler v Sullivan* [446 US 335, 345-350; 100 S Ct 1708;
> 64 L Ed 2d 333 (1980)], the Court held that prejudice is pre-
> sumed when counsel is burdened by an actual conflict of
> interest. In those circumstances, counsel breaches the duty
> of loyalty, perhaps the most basic of counsel's duties. More-
> over, it is difficult to measure the precise effect on the
> defense of representation corrupted by conflicting interests.
> Given the obligation of counsel to avoid conflicts of interest
> and the ability of trial courts to make early inquiry in cer-
> tain situations likely to give rise to conflicts . . . it is reason-
> able for the criminal justice system to maintain a fairly rigid
> rule of presumed prejudice for conflicts of interest. . . .
> Prejudice is presumed only if the defendant demonstrates
> that counsel "actively represented conflicting interests" and
> that "an actual conflict of interest adversely affected his
> lawyer's performance." *Cuyler v Sullivan, supra,* 446 US
> [350, 348] (footnote omitted).

In *People v Doyle*, 159 Mich App 632, 641; 406
NW2d 893 (1987), mod on other grounds (On Rehear-
ing), 161 Mich App 743; 411 NW2d 730 (1987), this
Court noted that cases discussing the disqualification
of prosecutors fall into two categories. The first cate-
gory "involves disqualification for a conflict of inter-
est arising out of some professional, attorney-client
relationship, as when the defendant is a former client
of the prosecuting attorney." *Id.* The second category
"includes situations where the prosecuting attorney
has a personal interest (financial or emotional) in the

litigation, or has some personal relationship (kinship, friendship or animosity) with the accused." *Id.* at 641-642. See, generally, 42 ALR5th 581; 31 ALR3d 953.

The assistant prosecutor's conduct in the instant case clearly falls into the first category and is proscribed by the Michigan Rules of Professional Conduct (MRPC). MRPC 1.11(c)(1) directly addresses the present situation and provides:

> (c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:
>
> (1) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment . . . .

In a more general vein, MRPC 1.9(a) and (c)(1) similarly state:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
>
> *          *          *
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known. . . .

The official Comment to MRPC 1.9 explains the pertinent considerations in judging the effect of a conflict of interest:

The scope of a "matter" for purposes of this rule may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. . . . *The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.* [Emphasis added].

See also MRPC 1.7(a)(2) ("A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: . . . (2) each client consents after consultation.") and MRPC 1.6(b) ("[A] lawyer shall not knowingly: [1] reveal a confidence or secret of a client; [2] use a confidence or secret of a client to the disadvantage of the client" without the consent of the client.).

These conflict of interest rules are

" 'a frank recognition that, human nature being what it is, a dual relationship involving adverse or conflicting interests, constitutes enormous temptation to take advantage of one or both parties to such relationship' " and that " '[t]he purpose of [the conflict of interest rules] is to condemn the creation and existence of the dual relationship instead of merely scrutinizing the results that may flow therefrom.' " [State Bar of Michigan Ethics Committee] Formal Opinion 160 (November 1954), quoting [State Bar of Michigan Ethics Committee] Formal Opinion 132 (January 1950). *Barkley v Detroit*, 204 Mich App 194, 202-203; 514 NW2d 242 (1994).

Two policy considerations underlie the disqualification of prosecuting attorneys, in particular, for a conflict of interest: fairness to the accused and the preservation of public confidence in the impartiality and integrity of the criminal justice system. *Doyle, supra,*

159 Mich App 643-644. As the court explained in *Ex parte Spain*, 589 SW2d 134, 133 (Tex Crim App, 1979):

> When a district attorney prosecutes someone whom he previously represented *in the same case*, the conflict of interest is obvious and the integrity of the prosecutor's office suffers correspondingly. Moreover, there exists the very real danger that the district attorney would be prosecuting the defendant on the basis of facts acquired by him during the existence of his former professional relationship with the defendant. Use of such confidential knowledge would be a violation of the attorney-client relationship and would be clearly prejudicial to the defendant. . . .
>
> When an appointed counsel has an actual conflict of interest, a defendant is denied his right of effective representation, without the necessity of a showing of specific prejudice. . . . We likewise conclude that when a prosecutor proceeds against a defendant whom he formerly represented as defense counsel in the same case, no specific prejudice need be shown by the defendant.

See also *State ex rel Romley v Superior Court*, 184 Ariz 223; 908 P2d 37 (Ariz App, 1995).

III

In the present case, it is clear that attorney Wistrom's representation of respondent at the review hearing constituted "personal" and "substantial" participation in a matter for purposes of MRPC 1.11(c)(1). Further, we conclude that Wistrom committed a serious ethical violation by prosecuting an individual whom he formerly represented as defense counsel in the same proceeding.[4] In his capacity as defense counsel, Wistrom was privy to confidential

---

[4] It is possible that this violation was unintentional.

information from respondent. Because the extent to which the confidential information obtained from this prior representation could be used to respondent's detriment is immeasurable, and the danger is obvious, prejudice must be presumed. The order is reversed and the matter is remanded for a new trial. *People v Grant*, 445 Mich 535, 553; 520 NW2d 123 (1994).

Having determined that disqualification is compelled, we must determine whether the present circumstances require disqualification of the prosecutor's entire office or only the particular prosecuting attorney. *Doyle, supra*, 159 Mich App 644. See also MRPC 1.10. In this case, given the exposure of respondent's case to numerous members of the prosecutor's staff during the extended course of the neglect proceedings culminating in the termination of parental rights, we hold that the appropriate remedy is to disqualify the entire Muskegon County prosecutor's office in order to ensure the integrity of the judicial process. On remand, pursuant to MCR 7.216(A)(7),[5] the probate court is directed to appoint a special prosecuting attorney to assume the representation of petitioner.

In light of our disposition, we find it unnecessary to address the remaining issues raised by respondent.

---

[5] MCR 7.216(A)(7) provides:

(A) Relief Obtainable. The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just:

\*     \*     \*

(7) enter any judgment or order or grant further or different relief as the case may require.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.