*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

UNPUBLISHED
February 24, 2022

v

GREGORY ALBERTO ROATH,

      Defendant-Appellee.

No. 358198
Barry Circuit Court
LC No. 2020-000582-FH

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecution appeals by leave granted[1] the trial court's order granting defendant's motion to disqualify the Barry County Office of the Prosecuting Attorney (OPA). On appeal, the prosecution argues that the trial court erred when it granted defendant's motion and denied its motion for reconsideration. We reverse.

## I. FACTUAL BACKGROUND

In September 2020, the OPA charged defendant with one count of first-degree criminal sexual conduct, MCL 750.520b(1)(f), and one count of aggravated domestic violence, MCL 750.81a(2). The charges stem from an alleged altercation between defendant and his girlfriend. At the preliminary hearing, attorney Jackie Baker Sturgis represented defendant and Assistant Prosecuting Attorney Christopher Elsworth served as attorney for the People. During the investigation into this alleged incident, the parties' attorneys began accusing each other of violating the Michigan Rules of Professional Conduct (MRPC). The dispute between the parties' attorneys arose in relation to investigation of one of defendant's witnesses. After receiving defendant's amended witness list which identified his mother as a defense witness, Assistant Prosecuting Attorney Joshua Carter requested that the lead investigator, Deputy Joseph Cooper of the Barry County Sheriff's Office, interview defendant's mother and take pictures of her home,

---

[1] *People v Roath*, unpublished order of the Court of Appeals, entered October 20, 2021 (Docket No. 358198).

the alleged crime scene. Before the interview, Sturgis informed Deputy Cooper that she would be present for the interview. Following the scheduled interview, in his supplemental report, Deputy Cooper reported that, after defendant's mother answered an initial question, Sturgis twice instructed defendant's mother to not answer questions. After reading Deputy Cooper's supplemental report, Barry County Prosecuting Attorney Julie Nakfoor Pratt and Carter spoke with Deputy Cooper seeking to verify that his report accurately reflected Sturgis's actions. Deputy Cooper verified his report. Believing that Sturgis may have violated MRPC 3.4, which prohibits an attorney from obstructing another party's access to evidence, Pratt then met with Sturgis to discuss the interview. Sturgis denied instructing defendant's mother to not answer questions, called Deputy Cooper a liar, and stated that she intended to thoroughly cross-examine Deputy Cooper at trial. That same day, Pratt and Assistant Prosecuting Attorney Jessica Payne spoke with defendant's mother after Pratt's meeting with Sturgis. Defendant's mother confirmed that Sturgis instructed her to not answer questions.

Because of the manner in which Sturgis indicated that she intended to cross-examine Deputy Cooper, the prosecution moved in limine to limit defendant's cross-examination of Deputy Cooper. Sturgis retained counsel, Attorney Shane McNeill, and he filed a response on defendant's behalf and attached an affidavit of defendant's mother in which she stated that Sturgis had advised her that she could answer questions but was not required to do so, and attested that Sturgis never told her not to answer Deputy Cooper's questions. The response also stated that Sturgis chose to exercise her right to remain silent on the issue. That prompted the prosecution to move to disqualify Sturgis on the ground that Sturgis's retained counsel indicated that Sturgis risked subjecting herself to jeopardy which established that her personal interests conflicted with defendant's interests and limited her ability to represent defendant. The prosecution explained that defendant had the right to cross-examine Deputy Cooper concerning his credibility, but if Sturgis did so, she would become a necessary witness at trial, and if that happened, Sturgis would violate MRPC 3.7 which precludes a lawyer from acting as a client advocate and also serving as a necessary witness. The prosecution argued that, to avoid the conflict and infringement of defendant's right to cross-examine Deputy Cooper, Sturgis should be disqualified.

At a hearing on the motion, Pratt and Carter appeared for the People. Sturgis appeared on behalf of defendant, and McNeill appeared on behalf of Sturgis. The trial court explained to defendant the issues related to Sturgis's representation of him and how that might impact the cross-examination of Deputy Cooper. The trial court inquired whether defendant would waive his right to cross-examine Deputy Cooper on the limited issues related to the interview of defendant's mother. Defendant declined to waive his right to cross-examine Deputy Cooper. Because this cross-examination could make Sturgis a witness, the trial court granted the prosecution's motion to disqualify Sturgis as defendant's attorney. McNeill raised the issue that a conflict still potentially existed because attorneys from the OPA could be witnesses in relation to Deputy Cooper's cross-examination. Pratt responded that she could be called as a witness if she did not try the case. The trial court acknowledged that the OPA did not technically have to be removed, but the trial court declined to address the issue until defendant obtained new counsel.

After appointment as new counsel for defendant, the Barry County Public Defender moved to disqualify the entire OPA because it contended that Pratt would be a necessary witness and, despite the fact that she was not the attorney of record in the matter, as the elected county prosecutor, she served as the attorney of record in all criminal cases handled by the OPA, such

that, a conflict of interest existed and she and the entire OPA staff should be disqualified from handling the case. Defendant invoked MRPC 1.7(b) which prohibits a lawyer from representing a client "if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless" "the lawyer reasonably believes the representation will not be adversely affected; and" "the client consents after consultation." Defendant also invoked MRPC 1.10(a) to argue that the entire OPA should be disqualified because the conflict of interest prohibited under MRPC 1.7(b) essentially tainted all attorneys in the OPA as they acted on behalf of Pratt in every case they handled. Defendant requested the appointment of a special prosecutor.

The OPA opposed the motion on the grounds that no conflict of interest as contemplated under MRPC 1.7 or 1.9 existed, and MRPC 1.10, therefore, did not apply. Plaintiff asserted that the only issue concerned Pratt's potential service as a witness which MRPC 3.7 did not prohibit because the substance of Pratt's testimony did not concern her as a necessary witness regarding a contested issue in the case, but only concerned a rebuttal issue, testimony of which could be elicited from other witnesses.

At the hearing on defendant's motion, the trial court expressed concern regarding the appearance of fairness and concluded that in the interest of justice and fairness, the OPA should be disqualified and a special prosecutor appointed. The trial court, therefore, granted defendant's motion. Plaintiff moved for reconsideration which the trial court denied. Plaintiff appeals by leave granted. *People v Roath*, unpublished order of the Court of Appeals, entered October 20, 2021 (Docket No. 358198).

## II. ANALYSIS

We review for clear error a trial court's findings of fact regarding a motion to disqualify a prosecutor. *People v Tesen*, 276 Mich App 134, 141; 739 NW2d 689 (2007). "The determination whether a conflict of interest exists sufficient to require disqualification of the prosecuting attorney is a question of fact that is reviewed on appeal for clear error." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. We review de novo a trial court's application of the law to the facts. *Tesen*, 276 Mich App at 141.

The issue in this case concerns whether the county's elected prosecuting attorney, who might be called to serve as a rebuttal witness, has a conflict of interest that requires disqualification of the entire OPA from this case. Michigan lawyers are governed by the Michigan Rules of Professional Conduct. *People v Petri*, 279 Mich App 407, 417; 760 NW2d 882 (2008). Defendant relied on the conflict of interest rule set forth in MRPC 1.7(b) as the ground for the OPA's disqualification.

MRPC 1.7 governs conflicts of interests among current clients and provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

MRPC 3.7 governs lawyers as witnesses and provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In *People v Mayhew*, 236 Mich App 112, 126-127; 600 NW2d 370 (1999), this Court examined the circumstances under which a conflict of interest held by a supervisory prosecutor requires disqualification of an entire office and explained:

The disqualification of a prosecutor because of a conflict of interest can occur in situations where the prosecutor has a personal, financial, or emotional interest in the litigation or a personal relationship with the accused. *People v Herrick*, 216 Mich App 594, 599; 550 NW2d 541 (1996); *People v Doyle*, 159 Mich App 632, 641-642; 406 NW2d 893 (1987), mod on other grounds (On Rehearing) 161 Mich App 743; 411 NW2d 730 (1987). After a determination has been made that a conflict of interest exists with regard to a prosecutor, the question then arises whether the entire prosecutor's office must be disqualified. *Doyle*, *supra* at 644. "If the . . . prosecuting attorney concerned in the conflict of interest has supervisory authority over other attorneys in the office, or has policy-making authority, then recusal of the entire office is likely to be necessary." 159 Mich App at 645; see, also, *In re Osborne*, 459 Mich 360, 369; 589 NW2d 763 (1999). [Ellipsis in original.]

The party seeking disqualification bears the burden of showing that the attorney is a necessary witness. *Tesen*, 276 Mich App at 144. In *Tesen*, the assistant prosecutor eventually assigned to try the case, Daniel Rose, interviewed the victim. *Id*. at 136. Five other people observed all or a portion of the interview. *Id.* One person took extensive notes. *Id*. at 137. One detective observed the entire interview. *Id.* Another detective "observed the entire interview except for about one minute." *Id.* Before the preliminary examination, the defendant moved to disqualify Rose because the defendant contended that Rose was a material witness as a result of his lead role in interviewing the victim. *Id*. at 136. In response, the prosecution argued that Rose was not a necessary witness. *Id.* The *Tesen* Court considered what made a witness a "necessary witness" and explained:

> While there is no Michigan case explicitly defining the term "necessary witness," both the Michigan Supreme Court and this Court have found that attorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not previously state an intent to call the attorney as a witness. [*Id.*]

In *Petri*, 279 Mich App at 417, this Court similarly declared that "[a] prosecutor is not a necessary witness if the substance of the testimony can be elicited from other witnesses, and the party seeking disqualification did not previously state an intent to call the prosecutor as a witness."

In this case, the trial court made no factual findings and did not apply any legal standards when it decided to disqualify the entire OPA. Instead, it relied on avoiding an appearance of impropriety or unfairness. In doing so, the trial court clearly erred and reached the wrong conclusion. See *Tesen*, 276 Mich App at 141.

MRPC 1.7 and 1.9 are inapplicable in this case. The record does not indicate any conflict of interest as contemplated in those rules of professional conduct. Further, the record reflects that Pratt is not a necessary witness. No argument is made that Carter's advocacy on behalf of the People in this case would be adverse to the interests of another OPA client, to a third person, or to Carter's own interest. Indeed, no other OPA client, present or former, is identified. Similarly, the record does not indicate any conflict of interest of Pratt in her representation of the People that would be adverse to the interests of another OPA client, to a third person, or to her own interests. Nothing in the record establishes that Pratt had or has a personal, financial, or emotional interest in the litigation or a personal relationship with the accused. The record indicates further that Pratt will not serve as the People's advocate in this case at trial and may only be called potentially as a rebuttal witness.

MRPC 3.7(b) is also not applicable, as that rule provides that "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Because no conflict of interest exists as contemplated by those rules, Pratt may be called as a witness in a trial in which Carter serves as the People's advocate.

This leaves MCPC 3.7(a), which provides that, except in circumstances not found in this case, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a *necessary* witness." (Emphasis added.) To the extent that Pratt would be called as a witness at defendant's

trial, her testimony would only serve as rebuttal testimony in regard to a challenge to Deputy Cooper's credibility. Pratt is not a necessary witness because two persons other than Pratt were involved in the follow-up conversation with defendant's mother. Either person could be called to testify regarding the facts of the conversation with defendant's mother that confirmed that Sturgis instructed her not to answer Deputy Cooper's questions which in turn confirmed Deputy Cooper's recitation of the facts of the interview that he reported in his supplemental report. Defendant makes no argument that Pratt has special skills or special knowledge of the relevant potential rebuttal testimony that the other participants in the conversation do not possess. Accordingly, Pratt is not a necessary witness because the substance of her testimony can be elicited from other witnesses. See *Tesen*, 276 Mich App at 144; see also MRPC 3.7a. Consequently, defendant failed and could not meet his burden to establish ground for disqualifying Pratt or the entire OPA. The trial court, therefore, erred when it disqualified the entire OPA.

The trial court incorrectly decided the matter on the ground of an appearance of impropriety. Defendant cites *Doyle*, 159 Mich App at 643, superseded in relevant part by MRPC 1.9, for the following proposition:

> Courts around the country recognize two policy considerations underlying the disqualification of prosecuting attorneys for a conflict of interest. The first policy served by the rule is fairness to the accused. It is universally recognized that a prosecutor's duty is to obtain justice, not merely to convict. While the prosecutor must prosecute vigorously, he must also prosecute impartially.

*Doyle* relied on old ethics standards. Although the rules governing attorney conduct formerly included an appearance of impropriety standard in Canon 9, that standard is no longer used in regard to conflicts of interest. The Comment to MRPC 1.9 provides, in relevant part, as follows:

> The other rubric formerly used for dealing with vicarious disqualification is the appearance of impropriety proscribed in Canon 9 of the former Michigan Code of Professional Responsibility. Two problems can arise under this rubric. First, the appearance of impropriety might be understood to include any new client-lawyer relationship that might make a former client feel anxious. If that meaning were adopted, disqualification would become little more than a question of subjective judgment by the former client. Second, since "impropriety" is undefined, the term "appearance of impropriety" begs the question. Thus, the problem of imputed disqualification cannot readily be resolved either by simple analogy to a lawyer practicing alone or by the very general concept of appearance of impropriety.

Close analysis reveals that the appearance of impropriety standard appears to have been founded on the existence of a conflict of interest. In this case, defendant has failed to establish that a conflict of interest exists for Pratt, Carter, or any other OPA lawyers. *Mayhew* structures the crucial consideration as an "if-then" proposition that requires first the determination that a conflict of interest exists for the prosecuting attorney with supervisory authority of the attorneys in the office before deciding that recusal of the entire office is necessary: "*If* the . . . prosecuting attorney concerned in the conflict of interest has supervisory authority over other attorneys in the office . . . *then* recusal of the entire office is likely to be necessary." *Mayhew*, 236 Mich App

at 127 (emphasis added; first alteration in original). Here, however, no conflict of interest exists, and therefore, the trial court should not have disqualified the entire OPA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford