# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PHILIP JOHN FERRIER,

      Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 320292
Muskegon Circuit Court
LC No. 12-061743-FC

---

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right his conviction of one count of indecent exposure by a sexually delinquent person, MCL 750.335a and MCL 750.10a and was sentenced as a second-offense habitual offender, MCL 769.10, to one day to life incarceration with credit for four days served. We affirm.

This case arises from defendant's masturbating in front of the victim, Cathy Molds, when Molds was cleaning defendant's house on January 10, 2012. Defendant's actions upset Molds. As Molds was leaving, defendant mentioned topless cleaning. Defendant later called Molds after she left his house and sent her several text messages, but she did not initially respond. When defendant sent Molds a message stating that he expected her to return to his house the following week, Molds responded that she was very uncomfortable with defendant's actions; she was scared of him, and she did not want to work for him. Defendant responded with several additional text messages apologizing for his actions, and Molds again responded that she was very scared of defendant and that his actions were wrong. At trial, the prosecution admitted defendant's text messages, Molds' testimony, the investigating officer's testimony, and testimony of four other women, all of whom defendant had previously masturbated in front of in an employment setting.

The trial was bifurcated; the jury first considered the charge of indecent exposure. After defendant was found guilty of indecent exposure, the same jury considered the charge of sexual delinquency. See *People v Murphy*, 203 Mich App 738, 748; 513 NW2d 451 (1994) (holding that the principal charge of indecent exposure should be separately resolved before the charge of sexually delinquency can be determined). In the second phase of the trial, a fifth woman testified that defendant masturbated in front of her at a gas station in 1998. In addition, the prosecution

and defendant both called expert witnesses to opine on whether defendant was a sexually delinquent person. Defendant was found guilty of being a sexually delinquent person.

On appeal, defendant first argues that there was insufficient evidence to convict him of being a sexually delinquent person. Pursuant to MCL 750.10a, a person is sexually delinquent if his "sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others . . . ." Due process requires the prosecution to introduce evidence sufficient for a trier of fact to conclude that a defendant is guilty beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). When reviewing the sufficiency of the evidence to support a conviction, this Court reviews the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt. *Id*. A reviewing court will not interfere with the trier of fact's role in determining the weight of the evidence or the credibility of witnesses. *People v Hill*, 257 Mich App 126, 141; 667 NW2d 78 (2003).

The evidence established that defendant approached six women (five of whom were in an employment setting) and masturbated in their presence. This is sufficient to support a finding that defendant's actions were repetitive or compulsive. *People v Helzer*, 404 Mich 410, 417-418; 273 NW2d 44 (1978), overruled in part by *People v Breidenbach*, 489 Mich 1, 4; 798 NW2d 738 (2011). In addition, all of the women denied asking defendant to engage in this behavior, and all of the women testified that defendant's behavior made them frightened or extremely uncomfortable. This is sufficient to support a finding that defendant's actions were against the recognized rights of the women. *Id*. Although defendant denied most of the behavior, issues of credibility are properly left to the jury. *Hill*, 257 Mich App at 141. In addition, defendant's expert witness testified that defendant engaged in repetitive incidents of sexual misconduct that were "clearly against" the rights of the women involved. When viewed in a light most favorable to the prosecution, the evidence supports a finding that defendant's behavior met the statutory threshold of sexual delinquency. And, because there was sufficient evidence to support this conviction, defendant's due process rights were not violated by the conviction. *Harverson*, 291 Mich App at 175.

Next, defendant argues that the trial court erred when it denied defendant's motion to disqualify the entire prosecutor's office because defendant's estranged father is employed by the prosecutor's office as an investigator, which created a conflict of interest. "The disqualification of a prosecutor because of a conflict of interest can occur in situations where the prosecutor has a personal, financial, or emotional interest in the litigation or a personal relationship with the accused." *People v Mayhew*, 236 Mich App 112, 126-127; 600 NW2d 370 (1999). Disqualification of an individual prosecutor does not automatically disqualify that prosecutor's entire office from the case. If a particular prosecutor has a conflict of interest and that attorney has "supervisory authority over other attorneys in the office, or has policy-making authority, then recusal of the entire office is likely to be necessary." *People v Doyle*, 159 Mich App 632, 645; 406 NW2d 893 (1987), modified on other grounds (On Rehearing) 161 Mich App 743, 411 NW2d 730 (1987).

In the present case, defendant did not have a previous professional relationship with any specific prosecuting attorney. Instead, he argues that his estranged father could have biased all

of the attorneys in the prosecutor's office against him. But defendant's father was not involved in any way in the investigation of this case. And, defendant has not offered any facts to support his inference that his father's employment created a conflict of interest: "inferences must have support in the record and cannot be arrived at by mere speculation." *People v Plummer*, 229 Mich App 293, 301; 581 NW2d 753 (1998). "There is no appearance of impropriety unless there are facts demonstrating an emotional or personal stake in the litigation which warrants recusal." *Doyle*, 159 Mich App at 646. Because there are no facts in the record to support a finding that any of the prosecutors, much less the entire prosecutor's office, had a conflict of interest, the trial court properly denied defendant's motion.[1]

Next, defendant alleges that the prosecution committed misconduct when it improperly vouched for the credibility of its witnesses and denigrated defendant in its closing argument related to the indecent exposure charge. Claims of prosecutorial misconduct are reviewed on a case-by-case basis, and this Court examines the entire record to evaluate the prosecutor's comments in context. *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). The prosecution can make remarks in its closing argument that are "properly responsive to defendant's theory of the case." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). In addition, "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Id.* at 455. But, "a prosecutor may not vouch for the credibility of his witnesses by implying that he has some special knowledge of their truthfulness." *Id*.

After review of the challenged sections of the closing argument, we find that the prosecution did not improperly vouch for the credibility of its witnesses. The prosecution never implied that it had special knowledge concerning Molds' truthfulness or the truthfulness of any of the other prosecution witnesses. When the first challenged portion is examined in context, it is clear that the prosecution properly commented on Molds' credibility in light of the fact that there was conflicting evidence at trial, and the question of defendant's guilt depended on whether the jury believed Molds or defendant. The prosecution's comments also responded to defendant's argument that Molds' allegations were fabricated. Further, the prosecution's comments did not improperly denigrate defendant. The prosecution permissibly argued that based on admitted evidence, defendant was not worthy of belief. *Unger*, 278 Mich App at 240.

In the second challenged portion of the closing argument, the prosecution commented on the testimony of the four women (aside from Molds) who testified in the first phase of trial that defendant masturbated in front of them. The prosecution was not limited to referencing Molds' testimony to support the credibility of Molds; it was permitted to argue all of the evidence, and reasonable inferences arising from the evidence, to support Molds' credibility. *Id*. at 236. Also,

---

[1] We decline to consider the prosecution's alternative argument that pursuant to MCL 49.160, the trial court did not have the authority to address disqualification because this argument is abandoned. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001).

the prosecution did not improperly denigrate defendant; instead, the prosecution properly argued that the evidence demonstrated defendant was not believable. *Id*. at 240.

In the third challenged portion of the closing argument, the prosecution did not mention any of its witnesses or vouch for their credibility. And, although the prosecution questioned defendant's trial strategy with regard to one witness, the record does not support defendant's unpreserved argument that this portion of the closing argument denigrated defendant. Although the prosecution was arguably dramatic in certain portions of the challenged argument, the prosecution was not required to confine its argument to the blandest of all possible terms. *Id*. at 239. Moreover, the jury was repeatedly instructed that the attorneys' arguments were not evidence and that it must decide the case only on the evidence. The jury is presumed to follow its instructions, and any error would have been cured by the trial court's instructions to the jury. *Id*. at 237; *Thomas*, 260 Mich App at 455.

Defendant next argues that his constitutional right to a speedy trial was violated. "Whether an accused's right to a speedy trial is violated depends on consideration of four factors: '(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant.' " *People v Rivera*, 301 Mich App 188, 193; 835 NW2d 464 (2013) (citation omitted). Because defendant has failed to support his argument with sufficient citations to the record to enable this Court to review this issue, we decline to consider it. See, e.g., *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008) ("Because defendant has not supported his argument with citations to the record, as required by MCR 7.212(C)(7), we need not consider this argument.") This Court will not search the record for a factual basis to sustain or reject an appellant's position. *Id*. [2]

Next, defendant argues that the trial court erred when it excluded two photographs of Molds straddling a garden tool and testimony regarding Molds' actions at a golf outing, both of which occurred in 2007. We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). A trial court abuses its discretion when its decision is outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). A preserved evidentiary error will not merit reversal in a criminal case unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative. *Burns*, 494 Mich at 110.

Defendant argues that the photographs and testimony were relevant to a determination of the sexual delinquency charge in that they would establish that Molds would not have been

---

[2] We note that our own review of the record reveals that defendant's argument is without merit. Most of the delays were attributable to defendant, and defendant did not object to any delays, agreed to the trial date, and did not assert his right to a speedy trial in the trial court. Although prejudice is presumed (the single factor that weighs in defendant's favor), the record does not support a finding that the delay actually prejudiced the defense of the case. See *People v Williams*, 475 Mich 245, 265; 716 NW2d 208 (2006).

offended by defendant's conduct; therefore, his conduct was not done in disregard of Molds' recognized rights. Pursuant to MRE 402, all relevant evidence is generally admissible, and pursuant to MRE 401, relevant evidence is any evidence that has the tendency to make the existence of a fact of consequence more or less probable. Nevertheless, pursuant to MRE 403, even relevant evidence may be excluded if it is unfairly prejudicial.

Molds' actions outside of defendant's presence several years before the incident in question are not relevant to Molds' reaction in January 2012 as defendant's employee to defendant's masturbating in front of her. Further, the inquiry regarding whether a defendant's actions meet the statutory threshold for a finding of sexual delinquency focuses on defendant's behavior. A victim's actions or thoughts are not relevant to this determination. *Helzer*, 404 Mich at 417-418. Therefore, this evidence was not remotely relevant with regard to a determination of whether defendant was a sexually delinquent person. The trial court did not abuse its discretion excluding the evidence. *Feezel*, 486 Mich at 192. Finally, even were we to find the evidence minimally relevant and that the trial court erred by excluding it, we would also find no error warranting reversal. Because after an examination of the entire cause, it does not affirmatively appear more probable than not that the error was outcome determinative. *Burns*, 494 Mich at 110.

Defendant also claims that during the adjudication of the indecent exposure charge the trial court improperly admitted the testimony from the four women who testified that defendant also masturbated in front of them. Michigan Rule of Evidence 404(b)(1) governs the admission of evidence of other acts and provides that evidence of other acts is not admissible to prove action in conformity therewith. It may, however, be admissible for other purposes, such as to show a common scheme, plan, or system. Evidence is admissible under MRE 404(b) when it is relevant to something other than to show propensity, i.e., character to conduct, and the probative value of the evidence is not be substantially outweighed by the danger of unfair prejudice under MRE 403. *People v Sabin (After Remand)*, 463 Mich 43, 55-56; 614 NW2d 888 (2000).

This evidence was introduced to show defendant's use of a common scheme or plan in the present case; this use does not involve propensity or character and is a proper under MRE 404(b)(1). *Id.* at 62-63. In addition, the evidence that on four previous occasions, when defendant was isolated with and in a position of power or authority over a female victim who needed or wanted employment with defendant, defendant removed his penis from his pants and masturbated in front of the woman, was relevant to the material issue that a crime was actually committed in the present case. *Id*. at 67. Finally, although all relevant evidence is prejudicial, only evidence that is *unfairly* prejudicial should be excluded under MRE 403. *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). Here, defendant's theory of defense was that the indecent exposure did not occur. The evidence of the four other incidents of indecent exposure (which was relevant to establish a common scheme or plan between the two crimes) was highly probative to rebut the defense at trial and not substantially outweighed by the danger of unfair prejudice. *Sabin*, 463 Mich at 71. Moreover, the trial court instructed the jury on the proper use of this testimony, alleviating any danger of unfair prejudice. *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014).

Finally, defendant argues that testimony from the prosecution's expert during the determination of the sexual delinquency charge was improperly admitted because the trial court

did not qualify the witness as an expert in sexual delinquency, and there was no showing that the testimony was reliable or based on reliable principles or methods. The trial court may admit the testimony of a qualified expert "if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." MRE 702. "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." MRE 704. Furthermore, MCL 767.61a permits expert testimony by both the prosecution and the defendant during the trial on the charge that the defendant is a sexually delinquent person.

In this case, the prosecution's expert had master's degree in social work, practiced as a psychotherapist at an outpatient mental health clinic for over 30 years, specialized in the treatment of sex offenders, ran a sex offender group, and had testified as an expert witness in the area of sexual crimes in courts throughout Michigan. We agree that the record supports a finding that the prosecution's witness was qualified as an expert in the area of sexual delinquency by knowledge, skill, experience, training, or education. MRE 702; *Dobek*, 274 Mich App at 95. Moreover, because the witness' qualifications were not challenged in the trial court, the trial court was not required to specifically make a finding on the record that the witness was qualified to provide expert testimony. In addition, the fact that the expert did not identify any scientific literature to support her conclusions "does not necessarily imply that [the] opinions were unreliable, inadmissible, or based on 'junk science.' Indeed, it is obvious that not every particular factual circumstance can be the subject of peer-reviewed writing." *Unger*, 278 Mich App at 220. Instead, in the present case, the witness' extensive, varied experience with sexual offenders constituted sufficient "knowledge, skill, experience, training, or education" to qualify her as an expert, there were sufficient facts and data on which to base her expert testimony, and her testimony was sufficiently reliable to satisfy MRE 702. See *People v Beckley*, 434 Mich 691, 720-721; 456 NW2d 391 (1990) (expert testimony regarding certain behavior properly admitted where based on collective clinical observations of a class of people). This is particularly true because there was no suggestion at trial that the witness' opinions were based on unreliable principles or methods. *In re Noecker*, 472 Mich 1, 12; 691 NW2d 440 (2005).

In sum, the prosecution's expert was qualified to provide expert testimony. And, she properly provided expert testimony regarding whether defendant's sexual behavior was characterized by repetitive or compulsive acts that indicated a disregard of consequences or the recognized rights of others. MRE 702; MRE 704; MCL 767.61a.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro